GERTRUDE BRAUN, Plaintiff, *v.* ANTHONY F. BRAUN, Defendant.

Supreme Court, Chautauqua County, May 5, 1931.

*Rubin & Rubin* [*Sol Rubin* of counsel], for the plaintiff.

*Lombardo & Pickard* [*Michael D. Lombardo* of counsel], for the defendant.

HARRIS, J. The venue of this action of separation was in Westchester county and the trial of the same took place and judgment was entered in the same in Westchester county. This motion is made at a term of this court held in Chautauqua county.

The plaintiff opposes the motion on the ground that rule 63 of the Rules of Civil Practice prevents a court in Chautauqua county taking jurisdiction of this motion. That portion of rule 63 which is pertinent to this discussion is as follows:

Subd. 1. " A motion on notice in an action in the supreme court must be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable."

Subd. 6. " Except in the first judicial district, a motion may be made in any county in the district in which is situated the county where the action is triable, or in a county in any other district adjoining the county in which it is so triable."

The plaintiff is right in her contention if this is a motion in the action or one that relates to the action. (*Curtis* v. *Greene,* 28 Hun, 294.)

But if this is a motion independent of the action and supplementary thereto, then the defendant may proceed on this motion in Chautauqua county. (*Moser & Heidenheimer Malt. Co.* v. *Lawrence,* 60 Hun, 137.)

This motion being one to effect a modification of the judgment, is, in my opinion, one made in the action and is, therefore, one which, under rule 63, may not be made in the county of Chautauqua because the county of Chautauqua is not in the same judicial district as the county of Westchester and does not adjoin Westchester county. Therefore, the application of the defendant is denied solely on the ground that this court has no jurisdiction of this motion.