May Term,
1851.

BOUNELL
v.
BERRYHILL.

(1) See ante, p. 435.

---

BOUNELL v. BERRYHILL.

Petition by the appellant. The following are the facts: The children named in the petition are infants under the age of 14 years; their parents are both dead, and the petitioner, the grandfather of the children, is their duly appointed guardian. The children have continued since their father's death to live with the appellee, their step-mother, whose character is unexceptionable, and who has taken good care of them. The appellant and his wife are proper and fit persons to have the care of the children, and are well able to support and educate them. The children wish to remain with the appellee. Held, that the guardian was entitled to the custody of the persons of the minors.

APPEAL from the Tippecanoe Circuit Court.

BLACKFORD, J.—This was a petition to the Circuit Court of Tippecanoe county, filed by the appellant at the August term, 1850.

Tuesday,
June 2.

The petition states that the petitioner is the grandfather of two certain minor children, namely, Mary Jane Berryhill and Matthew B. Berryhill, one of whom is about eleven years of age, and the other about nine; that the parents of said children are deceased; and that he, the petitioner, has been duly appointed, by the Probate Court of said county, guardian of the persons and estates of said children.

The petition further states that one Irene Berryhill illegally detains said children in her custody, and refuses to deliver them to the petitioner.

The petitioner prays for a writ of habeas corpus to be

directed to said *Irene Berryhill*, commanding her to have the said children, forthwith, before the Court, with the cause of their detention, &c.

A writ of *habeas corpus* thereupon issued returnable to said term.

The appellee afterwards, in obedience to said writ, brought the children into Court. Her return to the writ states that she was the wife of the father of said children at the time of his death, the children being his by a previous marriage; that the children were living with her and their father when he died, and have ever since his death remained with her; that the father, at all times during his marriage with the appellee, expressed his desire that said children should remain with her in case she and the children should survive him; that the appellee does not wish the children to be taken from her, against their will, to another county where the petitioner resides.

The petitioner pleaded to said return to the *habeas corpus;* but the plea states no material fact, relative to his legal right to the custody of the children, which is not mentioned in the petition.

The Court having heard the evidence of the parties, dismissed the writ, and ordered that the children be at liberty to remain with the appellee, &c.

The following are the material facts: The children named in the petition are infants of the respective ages mentioned in the petition; their parents are both dead, the father having died intestate; and the petitioner, the grandfather of the children, is the guardian of their persons and estates, duly appointed by the Probate Court of said county. The children, at the time of their father's death, were living with him and the appellee, who is their step-mother, and have continued ever since their father's death to live with the appellee. The petitioner is abundantly able to support and educate the children, and is of good moral character. Both he and his wife are proper and fit persons to have the care of the children. The appellee's character is also unexceptionable;

she has taken good care of the children; clothed them well; and sent them to school. The children wish to remain with the appellee, and are not willing to live with the petitioner.

This is a plain case in favor of the guardian. The statute is express upon the subject. It says, "that if a minor is under fourteen years of age, the Court may nominate and appoint his or her guardian; but if the minor is above the age of fourteen years, such minor shall nominate his or her own guardian; and if a suitable person shall be nominated, he shall be appointed by the Court." It says, also, "that every such guardian shall have the custody and tuition of the minor, and the care and management of his estate until the minor shall attain the age of twenty-one years, or until the guardian shall be discharged according to law; but nothing herein contained shall be construed to prevent the father of the minor, if living, and, in case of his death, the mother while she remains unmarried, from having the custody of the person of the minor." R. S. p. 608.

In a case of *habeas corpus* issued on behalf of the father of infant children, *Littledale*, J., said, "The practice in this case is, that if the children be of a proper age, the Court gives them their election as to the custody in which they will be; if not, the Court takes care that they be delivered into the proper custody." In the same case *Coleridge*, J., said, " A *habeas corpus* proceeds on the fact of an illegal restraint. When the writ is obeyed, and the party brought up is capable of using a discretion, the rule is simple, and disposes of many cases, namely, that the individual who has been under the restraint is declared at liberty; and the Court will even direct that the party shall be attended home by an officer, to make the order effectual. But where the person is too young to have a choice, we must refer to legal principles to see who is entitled to the custody, because the law presumes that where the legal custody is, no restraint exists, and where the child is in the hands of a third person, that

presumption is in favor of the father." *The King* v. *Greenhill*, 4 Adol. and Ellis, 624.

That case correctly decides that where the children are not of the proper age, the Court will have them placed in the legal custody.

In a case where a father, by will, appointed certain persons as guardians of the persons and estates of his infant children, and requested the guardians to cause the children to be properly educated, the children were brought before the Court by their grandfather and grandmother, at the instance of the guardians, on a writ of *habeas corpus*. Whilst the writ was pending, the grandfather filed a bill in chancery for the purpose of placing the children under the protection of the Court. The children were aged, respectively, nine and six years; and, on the death of their mother, the father had, in his lifetime, placed the children in the custody of their said grandfather and grandmother. Lord *Denman*, C. J., said: "There is no ground for arguing that this appointment of guardians was not really the will of the testator. He has clearly appointed the parties, now prosecuting, guardians to his children. Under these circumstances, although we should not consider our discretion tied up if there were a reasonable prospect of an order of the Court of chancery being obtained, we think we ought not to make a delay which might appear like tampering with the rights of the guardians. We have, I think, no choice as to the course we should pursue, but must order the children to be delivered to them." The other judges expressed similar opinions. *The King* v. *Irley et ux.*, 5 Adol. and Ellis, 441.

In the case before us, the children being under the age of fourteen years, had no authority, under the statute, to choose a guardian; and we consider the petitioner to have the right, without regard to the wishes of the children, to their custody. His appointment by the Court as guardian, gives him the same authority over the persons of his wards, as the will gave to the guardians in the case

above cited. The petitioner stands in the same situation, in regard to the custody of the children, as a father.

It may be proper to notice that it was proved that the petitioner and his wife are, in every respect, fit and proper persons to have the care of the children.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to render judgment that the appellee deliver up the bodies of the children to their said guardian. Costs here.

*Z. Baird* and *V. F. Lane*, for the appellant.

*J. Petitt* and *S. Huff*, for the appellee.