## HENSON *v.* WALTS ET UX.

PARENT AND CHILD.—*Custody of Minor Child.*—The father of a minor child, unless good reason to the contrary be shown, is entitled to its custody.

SAME.—Poverty furnishes no legal ground for depriving the father of the custody of his minor child.

SAME.—*Habeas Corpus.—Appeal.*—A judgment rendered in a proceeding by *habeas corpus*, awarding the custody of a minor child, "until the further order of the court," is final, and an appeal will lie therefrom.

APPEAL from the Crawford Common Pleas.

WORDEN, J.—Jesse Henson, the appellant, procured a writ of *habeas corpus* to be issued against the appellees, James Walts and his wife, alleging that the defendants detained

Henson *v.* Walts *et ux.*

from him the custody of his minor child, Leah Henson, a girl of about eleven years of age, and praying that the custody of said child might be awarded to him. The writ was served, and return made thereto, and the cause was tried, resulting in a finding for the defendants. It was ordered that the child remain in the custody and control of the said James Walts and Mary Walts until the further order of the court, and that the defendants recover of the plaintiff their costs, etc.

The case comes before us on the evidence, from an examination of which we are satisfied that the finding was wrong, and that a motion made by the appellant for a new trial should have been granted.

The facts in the case, as they appear by the evidence, are about these: The plaintiff is an elderly man, having no family but this little girl. He is in rather destitute circumstances, having no real estate and but little personal property. He lives alone, in a log-house, and is rather poorly provided with the comforts of life. But he is temperate, has no vicious habits, and is ordinarily industrious. He placed the child in the keeping of the defendants about a year before the institution of this proceeding. Before the child was placed in the care of the defendants, she had been living at another place, where she seems to have been much neglected, in consequence of which the plaintiff took her away and placed her with the defendants. The defendants seem to have taken good care of the child, and are much attached to her and she to them. She wishes to remain with them. The plaintiff became dissatisfied that the child should remain with the defendants, because, as he says, he could not visit her in peace. Mrs. Walts, he says, would abuse him, and so did her son-in-law, Mr. Jenners. He also says that they taught her to leave when he came about, and not to talk to him. He therefore took her away from the defendants and placed her in the family of a Mr. John McIntosh to reside. Mr. McIntosh and his wife are reputable people, and able and willing to take the child.

After she had been at the house of Mr. McIntosh some time, she was sent to the store of the defendant Walts on some errand, and she went to Walts' house and did not return. The plaintiff went to Walts' house to get the child, but did not succeed. He says, "they caught hold of her and would not let her come. I tried to take her by force, and she struggled and did not want to come with me, and got hold of the bed-post, and then Mrs. Walts helped her, and I could not get her away." The plaintiff seems to be a kind-hearted and affectionate parent. He says, "I cannot go to Walts' in peace to see my child; the child is near and dear to me, and I don't want her to stay at Walts', because they have taught her to leave when I come about, and not talk to me."

No legal reason is shown in the case why the appellant should not have the custody of his child. She, being of such tender years, can be but a poor judge of what is best for her, and her choice can have but little influence in determining the matter. The father of a minor child, unless good reason to the contrary be shown, is entitled to its custody. The reasons must be strong and cogent that would justify a court in withholding from him a right thus conferred by the positive law of the land, and in consonance with the law of nature and the dictates of common humanity.

The only possible objection to the restoration of the child to her father is his poverty and possible inability to provide for her comfortably. Even if he were to undertake her maintenance at his own house, his poverty would furnish no legal ground for refusing her restoration to him. But he seems to have it in his power to place her in another family, where she can be comfortably provided for, and where he will have no fears of her affections being alienated from him. It may well be inferred from the evidence in the case, but perhaps without the fault of the defendants, that the child's affections have become in some degree estranged from her father, and it is but natural as well as right that he should

seek to place her where she will be likely to regain her filial regard for him.

A point is made by the appellees that the judgment rendered was not final, but merely interlocutory, and, therefore, that no appeal lies from it. We think the judgment rendered was final, and put an end to the cause. It was the same judgment that was rendered in the case of *The State, ex rel. Sharpe*, v. *Banks*, 25 Ind. 495, which was held to be final.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*J. W. Tucker* and *W. H. Peckinpaugh*, for appellant.