## RAGER v. RAGER.

[No. 27,961.   Filed April 19, 1944.]

444

*Albert Meranda,* of Jeffersonville, and *Andrew Jacobs,* of Indianapolis, for appellant.

No appearance for appellee.

O'MALLEY, J.—The appellant was convicted for contempt and sentenced to jail for failing to comply with the order of court, wherein he had been directed to pay ten dollars ($10.00) per week until the sum of two thousand five hundred forty-one dollars ($2,541.00) was paid.

This order grew out of a divorce action which was commenced in 1927 and wherein the court granted the custody of two minor children first to the wife of appellant and later to the appellee. As a part of the original order appellant was to pay eight dollars ($8.00) per week but this was reduced to six dollars ($6.00) in 1929 and remained at that figure until March 27, 1943. At this later date the appellant was in arrears the sum of two thousand five hundred forty-one dollars ($2,541.00), and the court on petition of appellant relieved him of future payments, but ordered him to make up the arrearage by paying ten dollars ($10.00) per week, and upon his failure to comply with the order, the court adjudged him guilty of contempt and sentenced him to jail in an effort to coerce compliance therewith.

After the conviction and sentence, and within thirty days, appellant filed a motion for a new trial upon the grounds that the evidence was insufficient and that the decision was contrary to law. The first of these grounds has been abandoned by the appellant, but he complains because the court sustained a demurrer to a petition to set aside the order of March 27, 1943. He now claims that this was error because he was not informed of the action of the court so that he could be present in person and by counsel, and for the further reason that the court lacked jurisdiction.

A proceeding in contempt is *sui generis* and summary in character. *Kernodle* v. *Cason* (1865), 25 Ind.

362. It is the proper method to coerce a defendant to comply with the orders of court in a divorce action. *Kerr* v. *Kerr* (1924), 194 Ind. 140, 141 N. E. 305. The motion for a new trial filed in the contempt action could not relate back and call into question the action of the court at a prior term, wherein the court relieved appellant of further support payments but ordered compliance with the prior order.

In the contempt proceeding the controversy was whether or not appellant had complied with the order of March 27, 1943. The conviction and commitment were solely for the purpose of coercing the appellant to comply with the order. The object of the punishment was to secure respect for the court and its orders, and not to adjudicate private controversies. *Proctor* v. *Cole* (1886), 104 Ind. 373, 4 N. E. 303; *Ginn* v. *Ginn* (1941), 108 Ind. App. 553, 31 N. E. (2d) 65. No claim is made that he complied with the order in whole or in part. The action of the court in finding appellant guilty of contempt and in sentencing him to jail until he complied with the order was not contrary to law.

The motion to set aside the judgment was filed in the April term of court while the judgment was entered at the February term. This motion was informal and insufficient under § 2-1068, Burns' 1933 (Supp.), § 173, Baldwin's Supp. 1941. No notice was given; the defense was not set out; and if the court erred in sustaining the demurrer, the appellant has not taken the proper steps to present the question here. He did not refuse to plead further and no judgment was entered thereon.

While in argument the appellant claims that the judgment should have been set aside, in order to permit its entry as of a date which would permit a seasonable

appeal, he did not offer to file such motion in the lower court, and in fact when the demurrer was sustained, he took no further steps in that branch of the case, but answered the citation in contempt.

It seems to us that the entry of March 27, 1943, was in no sense a judgment in an original or new cause of action. It was an order in a continuing cause to which the appellant had been a party since 1927. The statute which controls matters of the kind here involved was considered in *Manners* v. *State* (1936), 210 Ind. 648, 5 N. E. (2d) 300, and there this court in referring to this section of the statute, which is § 3-1219, Burns' 1933, § 928, Baldwin's 1934, says:

> "Under this statute the court has complete jurisdiction to provide for the support and custody of minor children, and it is well settled that the jurisdiction continues during the minority of the children, and that the decree may be changed or modified. It is also well established that the court has power to enforce its orders for support by contempt proceedings."

The court below seemed to recognize that the appellant had failed to comply with its order for a long period of time, and when relieving the appellant from the payment of future support money, the court in the same entry and as part thereof, made a total of the amount of the arrearage, and instead of ordering payment in a lump sum, ordered that it might be paid in installments. This action of the court was within its sound discretion. The case of *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192, may have been the model used by the lower court.

No reversible error is shown, and the judgment of the Clark Circuit Court is affirmed.

NOTE.—Reported in 54 N. E. (2d) 261.