GLADYS E. LUND, Plaintiff, *v.* ALBERT A. LUND, Defendant.

Supreme Court, Special Term, Columbia County, October 1, 1949.

*Weidlich & Rogers* for plaintiff.

*Blum & Blum* for defendant.

BOOKSTEIN, J. The venue of this action was laid in New York County and the trial thereof was held there. Judgment was awarded plaintiff. Thereafter a motion was made and granted in New York County, modifying the alimony provisions of the

final judgment. Subsequently a motion was made and granted in New York County adjudging defendant in contempt for failure to comply with the alimony provisions of the final judgment as modified.

Plaintiff now moves, pursuant to section 1171-b of the Civil Practice Act, at Special Term in Columbia County for an order permitting the entry of judgment against defendant for the amount of his arrearage of alimony.

Defendant appears, specially, and objects to the jurisdiction of the Special Term in Columbia County, on the ground that rule 63 of the Rules of Civil Practice requires a motion in an action in the first judicial district to be made in the county in that district in which the action is triable.

It has been held that a motion independent of the action and supplementary thereto does not come within the provisions of rule 63 of the Rules of Civil Practice. (*Braun* v. *Braun*, 140 Misc. 87; *Moser & Heidenheimer Malting Co.* v. *Lawrence*, 60 Hun 137.)

Ordinarily, a money judgment cannot be entered, except in a plenary suit. Section 1171-b empowers the court to authorize the entry of a money judgment for arrearage of alimony in a matrimonial action. Is a motion for permission to enter such a judgment a motion in the action or is it a motion independent of the action and supplementary thereto? If the former, this Special Term cannot entertain it; if the latter, it can.

Plaintiff contends that the action has been tried and completed and that, hence, the motion is independent of the action and supplementary thereto.

It is true that the action has been tried and a final judgment rendered and entered decreeing a separation of the parties. To the extent that said judgment has determined the matrimonial *res* of the parties, it is final and the action terminated. However, it can be truly said that as to other features of the judgment, such as alimony, custody and the like, a matrimonial action is never terminated until the death of one of the parties thereto. Indeed, the very decree in this case, as it does in most cases, provides for applications to be made at its foot and applications modifying the decree, may always be made at its foot; so, too, applications may be made in furtherance of the enforcement of the decree, such as to punish for contempt, which is likewise a motion in the action, even though the action has been terminated, in the sense that it has been tried and proceeded to judgment. The fact that the statute has created additional remedies, which the court may grant, such as sequestration and money judgments, does not

constitute those remedies, independent of the action; indeed, they are dependent on the action and its nature.

Plaintiff herself has recognized that the motion to punish for contempt had to be made in New York County by her action in making it there. A motion in a matrimonial action for permission to enter a money judgment *therein,* is no less a motion in the action than a motion to modify the decree or a motion to punish for contempt.

Such motion comes within the purview of rule 63 of the Rules of Civil Practice and, in this case, has to be made in New York County. The Special Term in Columbia County is without jurisdiction of the motion and, on defendant's special appearance and objection, the motion is denied for want of jurisdiction, without prejudice to a motion in New York County for the relief herein sought.

Submit order.