**Boyce CUPP, Appellant,**

**v.**

**Eulene T. CUPP et al., Appellees.**

Court of Appeals of Kentucky.

May 17, 1957.

In 1953 appellant and his wife were divorced, and the custody of the child was awarded to the wife. The wife died in July, 1955. It appears the child is now being cared for by its maternal grandparents, who are parties to this suit.

The Chancellor directed a social worker to investigate the case. Upon the written confidential recommendations of this social worker, the court entered the judgment appealed from without the taking of any proof and without giving appellant an opportunity to be heard.

■ Appellant contends that the court should have granted his motion for a default judgment because appellees failed to answer his pleading within the time prescribed by the Civil Rules, CR 12.01. This is a matter concerning which the trial judge has a wide area of discretion, and under the circumstances of this case, we do not believe there was an abuse of discretion in denying appellant's motion.

■ On the other phase of the case, the judgment must be reversed. KRS 405.020 (1) provides that when one parent dies the survivor, "if suited to the trust", shall have the custody of minor children. Where, as here, the custody of the child had been formerly adjudged, a parent may properly petition the court to modify such judgment.

■ Since this is a judicial proceeding, the petitioning party should be given an opportunity to be heard on the issues presented. We can find no precedent for the action of the court in entering this order on the confidential recommendation of a welfare worker. Appellant is asserting a legal right, and as in any other judicial proceeding, he should be given the opportunity to present proof, to cross-examine witnesses of the opposing parties, and otherwise to be heard on his claim. We are of the opinion that the court erred in denying appellant his day in court.

The judgment is reversed for further proceedings consistent with this opinion.

---

T. T. Burchell, F. P. Stivers, Manchester, for appellant.

Roy W. House, Manchester, for appellees.

CLAY, Commissioner.

This is a proceeding by a father to have restored to him the custody of a four year old son. On the recommendation of a child welfare worker, designated by the court to make an investigation, the Chancellor denied the relief sought by appellant.