Froessel, J.
Several years after the entry of a judgment in plaintiff’s favor in an annulment action awarding the sum of $30 per week for the support of the son of the parties, she procured an order directing the entry of a judgment for arrears. The order to show cause on the application for such latter judgment provided for service upon the defendant, a resident of Connecticut, or his attorney.
Service was effected on the defendant’s attorney of record in the annulment action. Said attorney did not move under the provisions of section 237-a of the Civil Practice Act but merely submitted an affidavit “ in partial opposition ”, urging that he no longer represented defendant, that he had no authority to appear on defendant’s behalf, and asked to “ be permitted to return the aforesaid moving papers and be relieved of all further responsibility in connection therewith ”. He thereupon communicated with defendant by mail advising him of the order to show cause, its purpose and the return day, and suggested the latter contact the attorney’s office “ by telephone ”.
After an adverse decision and before the entry of an order thereon, said attorney moved for reargument. While that application was under consideration, another attorney, who had represented defendant just a few months previously in another matter relating to the custody of the child of the parties, appeared in the Justice’s chambers in relation to the motion for reargument under the guise of being from the first attorney’s office.
Under all the facts and circumstances of this cáse, Special Term was authorized to find that defendant was duly represented by counsel. For present purposes, an application under section 1171-b of the Civil Practice Act is treated as a motion in an action (see Karlin v. Karlin, 280 N. Y. 32, 36; Fox v. Fox, *82 263 N. Y. 68, 70; Lund v. Lund, 196 Misc. 136, 137-138), so that no service of new process was necessary for the purpose of acquiring jurisdiction over defendant’s person (Durlacher v. Durlacher, 173 Misc. 329, 331-333; see Karpf v. Karpf, 260 App. Div. 701, 703-704; see, also, Ohlquist v. Nordstrom, 143 Misc. 502, 503-504, affd. 238 App. Div. 766, affd. 262 N. Y. 696; Griffin v. Griffin, 327 U. S. 220).
The judgment should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur; Judges Fuld and Van Voorhis, in concurring, would grant leave to defendant, as did the Appellate Division, to apply at Special Term to move for leave to interpose any defense thereto that he may have upon the merits.
Judgment affirmed.