STATE EX REL. CARR ET AL. *v.* MARION SUPERIOR COURT, EMHARDT, JUDGE.

[No. 30,014. Filed March 7, 1961.]

*Henry J. Richardson, Jr., Nola A. Allen,* and *Richardson, Hosea, Lewis & Allen,* of Indianapolis, for relators.

*Frank R. Beckwith,* of Indianapolis, for respondents.

ACHOR, J.—This case was originally filed by the relators, as officers of the Puritan Baptist Church, in the Marion Superior Court, Room 4, on April 26, 1960,

asking that court to enjoin one Samuel Swancey, the pastor of the Puritan Baptist Church, from continuing to assume the duties as pastor of said church for the reason that he had been lawfully discharged by said church. On May 2, 1960, before ruling by the Marion Superior Court, Room 4, in the above matter, Samuel Swancey filed a separate action in the Marion Circuit Court to restrain the defendants (relators herein) from interfering with him as pastor in the conduct of the worship service at said church. To this action in the Circuit Court the relators, in turn, filed a cross-complaint for injunction against the said Samuel Swancey, asking the Circuit Court to restrain him from assuming the pastorship of the Puritan Baptist Church on the grounds asserted in their original action in the Superior Court. The cause was submitted and evidence heard in the Marion Circuit Court upon the issues thus joined. On June 22, 1960, the said court entered its findings, orders, judgment and decree. The court specifically found that the District Convention of the Missionary Baptist Faith, of which the Puritan Baptist Church is an affiliate, has no authority or jurisdiction over the Puritan Baptist Church and that all available remedies within the structure of the Missionary Baptist Faith had been exhausted. The court further found that the said Samuel Swancey was duly and lawfully discharged as pastor and minister of the Puritan Baptist Church by a majority of the active and sustaining members of said church. Other specific findings, not pertinent here, were entered by the said Marion Circuit Court. Upon the basis of these findings the said court entered judgment prohibiting Samuel Swancey from assuming the pastorship of the Puritan Baptist Church.

Thereafter, on July 1, 1960, Samuel Swancey filed a counterclaim in the Marion Superior Court, Room 4,

asking that court to restrain the plaintiffs (relators herein) from interfering with his duties as pastor of the Puritan Baptist Church, and requested that the status quo be maintained until the matter could be submitted to the District Convention of the Missionary Baptist Faith. On August 25, 1960, said Samuel Swancey filed a supplemental petition asking that the plaintiffs (relators herein) be prevented from interfering with said Samuel Swancey in discharging or carrying out his duties as pastor. On the same day, the respondent Judge Christian J. Emhardt issued a temporary restraining order against the relators herein as prayed, with notice that evidence would be heard on September 2, 1960. On August 31, 1960, relators herein filed answer and plea in bar, setting out that all issues presented by the pleadings in the Superior Court had previously been fully tried and adjudicated in the Marion Circuit Court on June 22, 1960. Thereafter, on September 7, 1960, relators herein filed their motion to dismiss the action in the Superior Court, on the ground that said matter had been fully adjudicated in the Marion Circuit Court. Thereafter, on September 16, 1960, the defendant Samuel Swancey filed a petition to cite plaintiffs (relators herein) for contempt of the Marion Superior Court, Room 4, for the reason that they had violated the restraining order issued previously by that court. Thereupon the respondent judge of the Marion Superior Court, Room 4, without ruling on the plea in bar or the motion to dismiss, issued an order directing the relators herein to appear on October 3, 1960 and show cause why they should not be punished for contempt of court. On September 27, 1960, relators filed their verified motion to dismiss, motion to strike petition for citation for contempt, and plea in abatement. None of these pleadings which challenged the

jurisdiction of the court were acted upon by the respondent at the time of the filing of this action.

On September 20, 1960, relators filed their petition in this court for a writ of prohibition and mandate against respondent. On that date, this court issued a temporary writ of prohibition directing respondent to refrain from exercising further jurisdiction in the matter, except to rule on the plea in bar and motion to dismiss and to show cause on or before October 31, 1960 why the writ should not be made permanent.

The issue to be determined here is whether the Marion Superior Court, Room 4 now has jurisdiction of the matter here involved. The general rule upon which respondent herein relies has been stated as follows:

". . . Two courts of concurrent jurisdiction may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, but where one of the two first acquires jurisdiction of the subject matter and person in a particular case, the jurisdiction becomes exclusive. . . ." *State ex rel. Kunkel* v. *Laporte Circuit Court* (1936), 209 Ind. 682, 694, 200 N. E. 614. See also: 7 I. L. E., Courts, §132 (1958).

However, the above statement is only a *general* rule.

". . . public policy demands that somewhere and at some time there must be an end to litigation and that which has been adjudicated is final and ends the matter. . . ." *Martin* v. *Ben Davis Conservancy District* (1958), 238 Ind. 502, 153 N. E. 2d 125, 128-129.

Thus the general rule of law above stated is not absolute. It is subject to an equally well established rule that if a court has jurisdiction of the subject matter of the particular case, and if the parties acquiesce to the jurisdiction of the court and actively litigate the issue therein, they are there-

after estopped to deny the jurisdiction of such court and the finality of a judgment of such court. The Supreme Court of Florida, confronted with a similar situation, stated the law as follows:

". . . in general, a tribunal first exercising jurisdiction over a cause will ordinarily retain it exclusively for the purpose of deciding every issue or question properly arising in the case, there is nothing to prevent a court of concurrent jurisdiction from acting on the same subject matter at the same time, if the parties involved fail, by timely motion, to seek and procure a stay of proceedings in the subsequent action. . . ." *State* v. *Hunt* (1954), 70 So. 2d 301, 305. See also: *Wall* v. *Wall* (1956), 296 S. W. 2d 160, 162 (St. Louis Ct. of App.) ; *McDaniel* v. *Willis* (1941), 157 S. W. 2d (Ct. of Civil App. Texas).

The rule of estoppel, as applied to judgments, has been stated as follows:

"The record of a judgment, considered as a judgment, precludes a reexamination into the truth of the matters decided, the matters adjudicated being termed res judicata." 31 C. J. S., Estopped, §6 (1942).

Under the circumstances, the judgment of the Marion Circuit Court is res judicata as to all matters properly before the court and the remedy is by appeal, not collateral attack.

We therefore conclude that the litigants having acquiesced in the jurisdiction of the Marion Circuit Court and actively participated in the proceeding therein, the judgment of that court is res judicata and the Superior Court is without further jurisdiction in the proceedings involving the same subject matter.

The temporary writ heretofore issued is made permanent.

Bobbitt, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 668.