STATE EX REL. GREGORY v. SUPERIOR COURT OF MARION COUNTY, ROOM NO. 1, BELL, JUDGE.

[No. 29,978. Filed June 30, 1961.]

---

2. Other issues presented by the appellant have not been discussed since they are not material to our decision.

*Howard P. Travis, Thomas A. Hendrickson,* and *Royse, Travis, O'Brien & Hendrickson,* of Indianapolis, for relator.

*M. Walter Bell, pro se.*

JACKSON, J.—The relator filed his petition herein for a writ of mandate to compel the respondent court and judge to assert jurisdiction over the relator's two actions for writs of habeas corpus filed in said court.

An alternative writ was issued by this court commanding the Superior Court of Marion County, Room No. 1, and Honorable M. Walter Bell as Judge thereof to set aside and expunge that part of its order of June 16, 1960, in the consolidated causes of action in said court, No. S60-3976 and No. S60-3981, in which James R. Gregory is the plaintiff and Richard M. Nay, Jean P. Nay, Thomas N. Hindman, Jr. and Marjorie Hasbrook Hindman are the defendants, in which actions the plaintiff seeks Writs of Habeas Corpus against the defendants for the custody of certain children. That court ordered that said consolidated actions "be transferred to the Superior Court of Marion County, Room 5 and that they be consolidated in the action entitled James R. Gregory v.Mariam Waldo Gregory, Cause C-7250 which action is now pending in the said Superior Court of Marion County, Room 5"; and that thereafter said Marion Superior Court, Room 1, and the judge thereof was ordered to retain jurisdiction of said causes of action, and conduct further proceedings therein as required by law; or on failure so to do, that said respondents file their return herein showing any reason in law or in fact why this writ should not be made permanent.

The respondents filed their return which in essence reads as follows:

"I. That the issue before Respondents was whether or not Respondents, herein, had jurisdiction to hear and determine a divorced father's

petition for writ of Habeas Corpus, seeking custody of his children, as against the asserted jurisdiction of Superior Court of Marion County, Room No. 5, in which latter court said divorce was granted and custody of said children awarded to the divorced mother, recently deceased, and under circumstances wherein, shortly after said mother's death, said latter court had heard an intervening petition to modify custody order and had issued its decree to change the custody of said children (to defendants in the cause below) upon said intervening petition of the divorced father's sisters, in which proceedings the divorced father appeared adversely, and suffered said adverse decree, and when at the time the petitions for Habeas Corpus were filed before respondents, said latter court had previously heard evidence in part and continued for further evidence, the intervening petitioners' petition to restrain the divorced father from annoying the persons to whom the custody of said children had been awarded.

"II. Respondents took the view that upon the death of the mother, the cause in Superior Court of Marion County Room No. 5 ceased to exist, hence said court had no further jurisdiction, and so Respondents exercised jurisdiction as set out in Paragraph III following.

"III. The causes (for habeas corpus) were consolidated without objection. (There were two sets of defendants, being, each, a married couple to whom Superior Court of Marion County, Room 5, had awarded custody of certain of said children.) Respondents sustained plaintiff's exceptions to both returns to the writs of habeas corpus (based upon prior jurisdiction of the divorce court) and ordered the consolidated cause transferred to the divorce court, the Superior Court of Marion County, Room No. 5, and consolidated there with the original cause for divorce for further proceedings in said causes of habeas corpus.

"IV. Neither party was agreeable to Respondents' ruling, defendants taking the view that said original cause for divorce and the divorce

court were the proper cause and forum in which to determine all questions of custody. Respondents understand plaintiff (relator herein) seeks to mandate Respondents to exercise jurisdiction, while defendants seek to mandate Respondents to expunge the record of all rulings and entries and dismiss said causes for habeas corpus. Accordingy, the conflicting views will be adequately presented to the Supreme Court of Indiana and Respondents will, therefore, file no brief, but abide this court's decision."

The question presented here, eliminating the multiplicity of pleadings and all excess verbiage, is solely one of jurisdiction. The purported intervenors in the action in Superior Court, Room 5, contend that court has exclusive jurisdiction to determine all the issues in controversy; the relator here contends that Superior Court Room 1, has exclusive jurisdiction in the habeas corpus proceedings to determine the questions raised in that proceedings.

In order that a clearer understanding of the record may be had, we set out briefly a chronological narration of the events leading up to this original action. It appears that on June 13, 1960, relator filed in Superior Court of Marion County, Room No. 1, a petition for a writ of habeas corpus against Richard M. Nay and Jean P. Nay to obtain custody of relator's children, John Ralph Gregory, age 14, and Marianne Gregory, age 9, which cause was numbered S60-3976 on the dockets thereof; at the same time relator filed in that court as cause No. S60-3981 a second petition for a writ of habeas corpus against Thomas N. Hindman, Jr. and Marjorie Hasbrook Hindman to obtain custody of relators child, Alison Gregory, age 6. The Nays were holding John Ralph Gregory and Marianne Gregory under the purported authority of an order of Superior Court of Marion

County, Room No. 5, under purported cause No. C-7250 therein. The Hindmans were holding Alison Gregory as friend or purported agents of James R. Talbott and Barbara R. Talbott, principals, who were purported to be granted custody of Alison Gregory by the same order.

Cause No. C-7250 was a divorce action commenced August 31, 1954, in the Superior Court of Marion County, Room No. 5. James R. Gregory, relator herein, was the plaintiff and cross-defendant. Mariam Waldo Gregory, mother of the children named herein, was the defendant and cross-complainant. She was granted a final divorce therein and custody of said children on November 15, 1954, the decree awarding the custody of the children to the mother, found that she was a suitable and proper person to have their custody, but made no finding at all as to the fitness or unfitness of the father to have said children, and thereafter on February 27, 1960, the said Mariam Waldo Gregory was deceased.

On March 2, 1960, Martha Spangler of Ohio and Florence Cartlidge of Hendricks County, Indiana, filed in purported cause No. C-7250 in the Superior Court of Marion County, Room No. 5, a document entitled "Petition for Interlocutory Order of Custody," requesting permission to "intervene," praying for custody of the minor children of the Gregorys' and that relator be enjoined from taking custody. Various proceedings were had and pleadings filed by the parties in Superior Court Room 5 until June 13, 1960, at which time the relator filed his petition for habeas corpus in the Superior Court of Marion County, Room No. 1. Writs were issued upon relator's habeas corpus actions in the Superior Court of Marion County, Room No. 1, returns were filed al-

leging that the Superior Court of Marion County, Room No. 5, had jurisdiction of the subject matter. Relator filed exceptions alleging that said returns were not sufficient answers to the habeas corpus petitions. The said habeas corpus causes were consolidated, and, on June 16, 1960, the said Superior Court of Marion County, Room No. 1, Hon. M. Walter Bell, Judge thereof, entered an order sustaining relator's exceptions, but ordering that the consolidated habeas corpus causes be transferred to the Superior Court of Marion County, Room No. 5, for consolidation with cause No. C-7250. It is from this refusal of the respondents, the Superior Court of Marion County, Room No. 1, Hon. M. Walter Bell, Judge, to exercise jurisdiction over consolidated causes No. S60-3976 and S60-3981 that relator seeks relief herein.

The proceedings in Room 5, Marion Superior Court, were instituted by the petitioners against the relator herein on the theory that by virtue of the former decree of that court granting unto the the deceased wife, Mariam Waldo Gregory, a divorce and the custody of the minor children of the parties, that said Superior Court, Room 5, retained jurisdiction of the children, and that any action seeking to modify the former divorce decree with respect thereto would properly be instituted in that court. Under the better reasoned authority it would appear that the divorce proceedings terminated entirely and died with the death of the former wife of relator on February 27, 1960. *Bryan* v. *Lyon et al.* (1885), 104 Ind. 227, 3 N. E. 880; 74 A. L. R., 1352, 1353, (1931) ; 39 A. L. R. 2d 258, 260, (1955) ; 2 A. L. R. 2d Supp. Service 2791, (1960) and cases cited. Relator contends that his appearance to defend against the

ex parte intervention and modification orders in the action in Superior Court, Room 5, did not confer or revive jurisdiction in said proceedings. He cites the following cases and authorities. *Morrison* v. *Morrison* (1960), 130 Ind. App. 270, 164 N. E. 2d 113; *Hughes* v. *Bowen* (1943), 193 Okla. 269, 143 P. 2d 139; *Bryan* v. *Lyon et al.* (1885), 104 Ind. 227, 3 N. E. 880; 54 Am. Rep. 309; *State ex rel. Gravelle* v. *Rensch* (1950), 230 Minn. 160, 40 N. W. 2d 881; *In re. De Leon* (1924), 70 Calif. App. 1, 232 Pac. 738; *Woodford* v. *Superior Court* (1957), 82 Ariz. 181, 309 P. 2d 973; 39 A. L. R. 2d 260, 278.

At the hearing on March 18, 1960, on the intervening petition filed in cause No. C-7250, the divorce case in Marion Superior Court, Room 5, there was a finding by the court reading in pertinent part as follows:

" . . . and the parties now advising the Court that they are now in agreement and having stipulated sufficient facts to the Court, the Court being duly and sufficiently advised in the premises now finds for the intervening petitioners, Florence Cartlidge and Martha Spangler and against the Plaintiff, James R. Gregory on his answer to said petition; . . ."

In the case of *Combs* v. *Gilley* (1941), 219 Ind. 139, 145, 36 N. E. 2d 776, this court recited the rule of common law as follows:

" 'Both under the common law and the statutes of this State, the natural parents are entitled to the custody of their minor children, except when they are unsuitable persons to be entrusted with their care, control and education.' *Gilmore* v. *Kiston* (1905), 165 Ind. 402, 406, 74 N. E. 1083."

We find no inconsistency in the fact that the father on March 18, 1960, saw fit to permit persons

■ other than himself to have the care and custody of said minor children. Being entitled on the death of the mother, in the absence of any showing in a proper forum, that he was an unsuitable person to have such care and custody, he would by operation of law, be entitled to have such care and custody, and could for the sake of the children permit such custody to be vested temporarily in persons other than himself.

On June 13, 1960, the father instituted his actions in habeas corpus to regain possession of said children in Superior Court Room 1. There can ■ be no question as to the propriety of habeas corpus as a remedy in the instant case. Acts 1881 (Spec. Sess.), ch. 38, §802, p. 240, being §3-1903 Burns' 1946 Replacement; *Combs* v. *Gilley* (1941), **219** Ind. 139, 36 N. E. 2d 776; *Bryan* v. *Lyon et al.* (1885), 104 Ind. 227, 3 N. E. 880; *Henson* v. *Walts et ux.* (1872), 40 Ind. 170; *Bounell* v. *Berryhill* (1851), 2 Ind. 613.

In view of the decision we have reached in this case it is not necessary, nor do we hereby determine the right of the intervenors to intervene in this action. The determinative question here has been decided in the case of *Hughes* v. *Bowen* (1943), **193** Okla. 269, 270, 143 P. 2d 139, in such case the court having stated as follows:

"Though the trial court in a divorce action has continuing jurisdiction over the custody and support of minor children even after final ■ judgment in the action (12 O.S. 1941 §1277), when a party to the action dies the court's jurisdiction for all purposes ceases so far as the custody and control of the children are concerned. In 17 Am. Jr. 525, it is said that upon the death of one of the parties divorced by the judicial decree, the divorce proceedings falls so far as

concerns any further right to the custody of the children.

"Upon the death of the parent into whose custody the children are placed by the decree of divorce, the children stand, with relation to the surviving parent and all the world, as if no decree of divorce had been entered. In such case the right to custody of the children inures automatically to the surviving parent. 74 A. L. R. 1353, annotation. It is there said by the annotator:

" 'The prevailing rule clearly is, that, upon the death of the parent who has held custody under a divorce decree, the right to custody automatically inures to the surviving parent.'

"In event custody is withheld from the surviving parent, his or her remedy is habeas corpus, unless custody is withheld pursuant to order of the county court in guardianship proceedings, or by order of said court issued under the adoption or juvenile statutes . . ."
See also: *Woodford* v. *Superior Court* (1957), 82 Ariz. 181, 309 P. 2d 973.

The alternative writ of mandate heretofore issued is now made permanent. The Superior Court of Marion County, Room No. 1, Hon. M. Walter Bell, Judge, is directed to reassume jurisdiction in causes No. S60-3976 and No. S60-3981 for further proceedings therein in accordance with law.

Bobbitt, J., concurs.

Arterburn, J., concurs in result.

Landis, C. J., dissents with opinion.

Achor, J., dissents with opinion.

DISSENTING OPINION

ACHOR, J.—I do not concur in the opinion as writ-

ten by Jackson, J. My dissent to that opinion is based upon two grounds.

First: The Superior Court of Marion County, Room 5, was the first court to acquire jurisdiction of the parties and the subject matter of this action, and it being a court of general jurisdiction it therefore had jurisdiction of the parties and the subject matter to the exclusion of all other courts.

The facts in support of the above conclusion are as follows: James R. Gregory and his wife were divorced in the Superior Court of Marion County, Room 5, and the court entered an order granting the custody of the three children of the parties to the wife and mother on November 15, 1954.

Thereafter, on March 2, 1960, the sisters of the surviving father filed an intervening petition in the divorce action relative to the custody of the three minor children of the divorced parents, in the original action for divorce. To this action the relator herein filed in said cause of action a formal appearance, a petition for determination of visiting privileges and a general answer to the intervening petition. The cause was submitted and evidence heard on the issues thus presented to the court. At the conclusion of the hearing the court entered a decree granting the custody of John and Marianne Gregory to Richard M. and Jean P. Nay, and the custody of Alison Gregory to Thomas N. Hindman, Jr. and Marjorie Hasbrook Hindman.

Nothwithstanding the above adjudication in the Superior Court, Room 5, relative to the custody of relator's children, in which proceedings he entered a general appearance and tried the issue presented, within a few days thereafter he filed a petition in

habeas corpus against the Nays and the Hindmans, in Superior Court, Room 1, of Marion County, asking that the issue of custody be readjudicated and that he be given the custody of the children. The respondent court entered an order transferring the habeas corpus action to Superior Court, Room 5, on the theory that the latter court had acquired exclusive jurisdiction. Relator now seeks a writ of prohibition to prevent such transfer.

In considering the issue as to the jurisdiction of the respective courts, we are confronted by the fact that Superior Court, Room 5, was the court which first acquired jurisdiction over the subject matter and the parties involved in both proceedings. Under the circumstances above stated, this court is bound by the rule laid down in the case of *State* v. *Superior Court, Room 4* (1961), 241 Ind. 403, 172 N. E. 2d 668:

> "The issue to be determined here is whether the Marion Superior Court, Room 4 now has jurisdiction of the matter here involved. The general rule upon which respondent herein relies has been stated as follows:
>
> '. . . Two courts of concurrent jurisdiction may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, but where one of the two first acquires jurisdiction of the subject matter and person in a particular case, the jurisdiction becomes exclusive. . . .' I. L. E. Courts, §132, p. 538."

Any other rule would lead to duplicity and utter confusion with respect to litigation in the several courts of concurrent jurisdiction in this state.

Secondly: I am of the opinion that although the courts of the various states are about equally divided

upon the issue,[1] both the better reasoning upon the subject and the statements made in the decisions of this court support the rule that notwithstanding the ordinary priority of parents to the custody of their children, in event of the dissolution of the unity of the family by divorce, the court which grants the divorce must and does thereupon on behalf of the state assumes the role of *parens patriae* of the children, which authority and responsibility continues during the minority of the children. *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 281, 179 N. E. 773.

Furthermore, it is to be observed that although habeas corpus proceedings have been employed by the courts of this state for the purpose of determining the care and custody of the children of divorced parents following the death of one of the parents, in no case has the issue been heretofore presented as to whether habeas corpus is the exclusive procedure whereby the issue of such care and custody should be determined under such circumstances. In fact, in the *Duckworth* case, *supra,* which was a proceeding in habeas corpus filed by a surviving divorced father for the purpose of determining the custody of his child, this court specifically stated that, *"A court that grants a divorce has the continuing duty, upon a proper petition, to see that the child of the*

1. This issue is discussed at 27B C. J. S., Divorce §317(1). p. 529, as follows: "Under some authorities, the death of one of the divorced parties terminates the continuing power of the court to modify the decree with respect to custody; . . ." See Ariz.—Woodford *v.* Superior Court (1957), 82 Ariz. 181, 309 P. 2d 973; Mo.—Graves *v.* Wooden (Mo. App. 1956), 291 S. W. 2d 665; N.Y.—Lund *v.* Lund (1949), 91 N.Y.S. 2d 698, 196 Misc. 136; Or.—Quinn *v.* Hanks (1951), 192 Or. 254, 233 P. 2d 767, and "but other authorities are opposed to this view." See Fla.—Cone *v.* Cone (Fla. 1953), 62 So. 2d 907. Ill.—Jarrett *v.* Jarrett (1953), 415 Ill. 126, 112 N. E. 2d 694. Ky.—Cupp *v.* Cupp (Ky. App. 1957), 302 S. W. 2d 371. Va.—Judd *v.* Van Horn (1954), 195 Va. 988, 81 S. E. 2d 432.

*divorced parties is properly cared for, such child be-
ing, in a sense, the ward of the court."* (My italics.)
The court then quoted with approval from the case
of *Keesling* v. *Keesling* (1908), 42 Ind. App. 361, 85
N. E. 837, in which the court stated more specifically
as follows:

" 'The nurture and proper training of such chil-
dren are subjects of vital interest to the State,
as well as to the children themselves, and when
the family has thus been broken up, . . . *the court
granting the divorce must be deemed to have full
and continuing jurisdiction, during the minority
of such children,* to make from time to time such
orders and modifications thereof, with respect to
their care, custody and control, as are deemed
expedient, the interests of society and welfare of
the children, in all such inquiries, being the
paramount controlling consideration.' " (My
italics.)

The rule above stated, relative to the continuing
jurisdiction of the divorce court during the minority
of the children, has been frequently repeated since
that time and now must be considered to be an estab-
lished principle of our fundamental law. *Scott* v. *Scott*
(1949), 227 Ind. 396, 86 N. E. 2d 533; *Rager* v. *Rager*
(1943), 222 Ind. 443, 54 N. E. 2d 261; *Manners* v.
*State* (1936) 210 Ind. 648, 5 N. E. 2d 300; *Zirkle*
v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192.

There are strong if not compelling reasons why
the divorce court, which is required by statute[2] to as-
sume jurisdiction over the custody of the children
of the parties, should exercise continuing jurisdiction
over the custody of such children during their minor-
ity and that this jurisdiction should not be affected
by the death of one of the parents. Among these

---

2. Burns' Ann. St. §3-1219 (1946 Repl.).

reasons are the following: (1) The responsibility of the state as *parens patriae* of the children of broken homes is in no wise diminished by the death of one of the parents, particularly where, as in this case, the deceased was the party in whom the state awarded and charged the care and custody of the children. On the contrary, it would seem that the responsibility for the welfare of the children which the state assumed as *parens patriae* in the divorce action has been increased by reason of this circumstance. (2) This court has persistently asserted that in all actions relative to the custody of the children the interest of society and the welfare of the children are the controlling considerations over all other issues, whether the action be in divorce or habeas corpus. Consistent with this rule, it is to be observed that the continuity of custodial security is of primary consideration to the welfare of children. By permitting persons who have actually assumed the responsibility of custodial care for the children of divorced parents to intervene in the *divorce action,* notwithstanding the death of one of the parents, opportunity is afforded for a present and continuing determination of such custodial care. However, if, following the death of a parent, the issue of custodial care could be determined solely by proceedings in habeas corpus, as contended by relator, the result would be that only the surviving parent could initiate the action, with the result that the issue of custody might be postponed indefinitely or remain undetermined throughout the period of minority of the children, since the persons actually caring for the children would be without legal status to effect such a determination. Such a rule of procedure as urged by relator might well result in continued domestic frus-

tration both to the non-parental custodians of the children and the children themselves throughout the prolonged period of their minority. Such procedure is not compatible with the thesis of the fundamental rule that in such proceedings the law is primarily concerned with the interests of society and the welfare of the children. (3) The divorce court, which heard the evidence regarding the conduct of the parties prior to the divorce as it related to the welfare of the children and has further labored with the problem of the care and welfare of the children following the divorce of the parents, is in a better position than any other court, on the basis of the record before it, to determine the issue of the welfare of the children.

The afore-stated circumstances present strong and compelling reasons why the divorce court must maintain continuing jurisdiction over the custody of the children during the period of their minoriy, notwithstanding the death of one of the parents. It therefore follows that although habeas corpus may also be a proper procedure for the determination of the custody of children, under the circumstances here presented the Superior Court of Marion County, Room 5, being the court in which the case was adjudicated and it having first assumed jurisdiction of both the parties and the issues here presented, it now is the court of exclusive jurisdiction over the subject matter.

## DISSENTING OPINION

LANDIS, C. J.—Petitions for habeas corpus were filed in respondent court asking for custody of children, to which defendants filed returns asserting such custody by defendants was pursuant to the decree of

another court of competent jurisdiction. We are asked here to mandate respondent court to hear the habeas corpus actions notwithstanding the returns filed.

In this original action in the Supreme Court we are confronted with a question of conflict of jurisdiction between two courts of co-ordinate jurisdiction, viz.: the Superior Court of Marion County, Room 5, wherein the defendant wife had been granted a divorce and custody of the children in 1954; and the Superior Court of Marion County, Room 1, respondent herein, in which latter court the ex-husband and relator filed on June 13, 1960, subsequent to the ex-wife's death, habeas corpus proceedings for custody of the children.

There is a division of authority in this country as to whether upon the death of one of the parties to a decree of divorce and custody of children, that court retains a continuing jurisdiction of said cause in the future, or whether such matter should instead be adjudicated in court in a habeas corpus proceeding. See:39 A. L. R. 2d 258 (2 A. L. R. 2d, 1960 Supp.). The courts of Indiana do not appear to have ruled on such question although habeas corpus has sometimes been used where no question of the continuing jurisdiction of the court granting the divorce and custody was before the court.[1]

---

1. *Combs* v. *Gilley* (1941), 219 Ind. 139, 36 N. E. 2d 776; *Bryan* v. *Lyon et al.* (1885), 104 Ind. 227, 3 N. E. 880, 54 Am. R. 309; *Henson* v. *Walts et ux.* (1872), 40 Ind. 170; *Bounell* v. *Berryhill* (1851), 2 Ind. 613.

It will be noted that the statement in the prevailing opinion in the instant case, ". . . There can be no question as to the propriety of habeas corpus as a remedy in the instant case", is not controlling as neither the statute nor the cases therein cited purported to deal with or consider the question of the continuing jurisdiction of the court previously granting the divorce and custody which everyone concedes existed prior to the death of the wife.

However, a case is not here presented in my opinion for our determination of where Indiana stands among the conflicting decisions of the courts of other states, as here it appears that relator subsequent to his former wife's death on February 27, 1960, and prior to his filing of habeas corpus proceedings in respondent court on June 13, 1960, *voluntarily entered into* the following proceedings under the cause number of the prior divorce action and judgment in Superior Court of Marion County, Room 5, viz:

1. Plaintiff [Relator] filed answer to intervenors' petition for custody.

2. Hearing had thereon on March 18, 1960, wherein plaintiff [relator] and intervenor agreed and stipulated to facts and respondent court thereupon found against plaintiff [relator] and for intervenors and granted custody of the children as requested by intervenors.

3. Thereafter, on April 11, 1960, plaintiff [relator] filed petition for determination of visitation rights of plaintiff, subsequently allegedly dismissed by plaintiff.

4. Thereafter, on May 23, 1960, plaintiff [relator] filed answer to intervenors' petition to modify custody order.

5. Thereafter, on May 23, 1960, plaintiff [relator] filed affidavit for change of judge.

It is my opinion in this case that relator must be deemed estopped to deny jurisdiction of the

---

It should also be noted that the Oklahoma case of *Hughes* v. *Bowen* (1943), 193 Okla. 269, 143 P. 2d 139, upon which the prevailing opinion places chief reliance, itself recognizes certain exceptions to the availability of habeas corpus under Oklahoma law (as appears in the prevailing opinion's quote), viz.: ". . . [when] custody is withheld pursuant to order of the county court in guardianship proceedings, or by order of said court issued under the adoption or juvenile statutes . . ." It is therefore apparent the Oklahoma court did not consider habeas corpus an all-inclusive remedy where another court had taken other valid legal proceedings.

Superior Court of Marion County, Room 5, over custody of the children, and estopped from invoking the jurisdiction of respondent court by his act of voluntarily re-submitting himself to the jurisdiction of Superior Court No. 5 after the death of his former wife, Mariam Waldo Gregory, and prior to the filing of habeas corpus proceedings in respondent court.

It is well settled that if the jurisdiction of a court possessing jurisdiction of the subject matter[2] is invoked in a controversy by a party who submits himself to its authority by entering a general appearance and filing pleadings on the merits, such party may not thereafter if dissatisfied with the outcome of the litigation then for the first time question the jurisdiction of the court to which he voluntarily submitted and thereupon properly file the case in another court of co-ordinate jurisdiction. See cases: *State ex rel. Carr* v. *Marion Superior Court* (1961), 241 Ind. 403, 172 N. E. 2d 668, 669, 670; *State ex rel. Tuell* v. *Shelby Circuit Court* (1939), 216 Ind. 231, 236, 23 N. E. 2d 425, 426; *State ex rel.* v. *Madison Circuit Court* (1923), 193 Ind. 20, 27, 138 N. E. 762, 765. Any other result would make our judicial system chaotic and prevent the orderly determination of lawsuits.

It is therefore grievous error in my judgment for this court to mandate one court to hear a habeas corpus action regarding custody brought by relator when such matter has just previously been submitted by a relator to a previous court having jurisdiction

2. It indeed cannot be questioned that the Superior Court of Marion County, Room 5, possessed jurisdiction of the subject matter, i.e., jurisdiction of the class of cases to which the instant case belongs. In fact its statutory jurisdiction is identical with that of respondent court which was created by the same act. (Burns' §§4-1401 to 4-1421, incl.)

of the subject matter which previous court has determined and disposed of the case. Yet that is what the prevailing opinion is doing.

I would dissolve the alternative writ and deny the permanent writ.

NOTE.—Reported in 176 N. E. 2d 126.