Lynn JOHNSTON, Appellant–Plaintiff,

v.

Frank O'BANNON, et al., Appellees–Defendants.

No. 53A01–0106–CV–229.

Court of Appeals of Indiana.

May 21, 2002.

Lynn Johnston, Bloomington, IN, Appellant Pro se.

Steve Carter, Attorney General of Indiana, Janet Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Frank O'Bannon, Douglas Bridges, Kenneth G. Todd, David L. Welch, Elizabeth Mann, E. Michael Hoff, Mark R. Kellams, Carl Salzmann, Jim Trulock, Jeff Kehr, Jeffrey Modisett, Gary Gibson, Jeff Byrd and Dave Martin.

Mary K. Reeder, Pamela G. Schneeman, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorneys for Randy Williamson.

## OPINION

MATTINGLY–MAY, Judge.

Lynn Johnston filed a *pro se* complaint in the Monroe Circuit Court against numerous local and state officials.[1] She alleged, among other things, a conspiracy to force her participation in the federal social security system through the licensing and

---

**1.** The defendants as Johnston listed them in the complaint are

Frank O'Bannon (associated with Indiana General Assembly & Office Governor); Douglas R. Bridges, Kenneth G. Todd, David L. Welch, Elizabeth Mann, E. Michael Hoff, Marc R. Kellams, & Melissa B. Starry (associated with the Office of Circuit Court Judge); Carl Salzmann, Jim Trulock & Jeff Kehr (associated with the Office of County Prosecutor); Pat Haley (associated with the Office of County Clerk); James Sinn, John Daugherty, Kira Moore, Stella Bruce, Donald Fowler, & Alicia Chesterfield (associated with the Office of Monroe County Juror); Randy Williamson (associ-

ated with the Office of Monroe County Sheriff); Jeffrey Modisett (Associated with the Office of Indiana Attorney General); Andy Stephenson, Paul Norris, Jr., Indiana University Trustees, Mike Patton & Others unknown by name (associated with Indiana University Police Department); Gary Gibson (associated with the Indianapolis Commission of Motor Vehicles) & Jeff Byrd (associated with the Indianapolis Bureau of Motor Vehicle Title); Dave Martin & Others unknown by name (associated with the Bloomington BMV Branch); Nancy Carlstedt (associated with Bloomington Hospital); & Bonding Agents and Insurers, and others, unknown by name.

registration requirements of the Indiana Bureau of Motor Vehicles. Her complaint was dismissed and she seeks review of the trial court's jurisdiction to dismiss her cause of action.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Johnston has been unable to obtain a motor vehicle license plate since November 27, 1996, as she refuses to present proper identification in the form of her social security number. On July 18, 2000, she filed a complaint in the Monroe Circuit Court, purportedly pursuant to 42 U.S.C. § 1983. This complaint asserts, among other things, that because of the wrongful request that she present a social security number, she has been forced to seek alternative forms of transportation. Because she had to use the alternative forms of transportation, she asserts, she sustained personal injuries due to a slip and fall and a motor scooter accident.

On July 25, 2000, the trial court judge, who was named as a defendant in the case, issued an order of disqualification and referred the matter to the Indiana Supreme Court for the assignment of a special judge. Defendant Modisett filed a motion to dismiss on August 1, 2000, alleging he was not served with the summons and complaint. Johnston then filed numerous pleadings, including a "Notice of Objections to Covert Intervention in State Case Judicial Branch Process with Demand for Officials and Court Officers to Comply

with Due Process Forthwith or in the alternative Notice of Intent to Seek Federal Remedies and Supervision, etc.," (App. of Appellee, Randy Williamson at 88) on August 11, 2000.

On September 11, 2000, the State defendants[2] filed a motion to dismiss and supporting memorandum. The State defendants argued that Johnston's claims are barred by the two-year statute of limitations, that those defendants are entitled to immunity, that liability under section 1983 cannot be based on the theory of *respondeat superior*, and that Johnston's claims do not relate to a protected property interest. On October 6, 2000, Defendants Starry, Haley, Sinn, Daugherty, Moore, Bruce, Fowler, Chesterfield, and Williamson moved to dismiss for failure to state a claim upon which relief can be granted. They also requested sanctions. On October 25, 2000, Defendant Carlstedt filed a motion to dismiss and supporting memoranda.

On December 1, 2000, the Indiana Supreme Court appointed Jonathan J. Robertson as Special Judge. On December 5, 2000, Judge Robertson assumed jurisdiction and issued an order stating that all pending motions were held in abeyance pending a review of the file.

Meanwhile, on December 4, 2000, Johnston filed a document in the United States District Court for the Southern District of Indiana entitled "Petitioner's Motion for Removal Re-activation and Expansion with Relief from the Limitations of 26 U.S.C. 1446(c)(2)."[3] (App. of Appellee, Randy

---

**2.** O'Bannon, Bridges, Todd, Welch, Mann, Hoff, Kellams, Salzmann, Trulock, Kehr, Modisett, Gibson, Byrd and Martin.

**3.** Apparently, Johnson had attempted to remove a case entitled "State of Indiana, County of Monroe Officer Andy Stephenson Indiana University Police Department v. Lynn D. Johnston" to federal court sometime prior

to January of 1998. On January 6, 1998, that removal motion was found to be a "nullity," and that case was remanded to the state trial court. (App. of Appellee, Randy Williamson at 97.)

Williamson at 34.) Johnston also filed several exhibits and a brief in support of that motion. On December 11, 2000, the district court denied Johnston's motion, stating:

The present motion, though tediously documented with the petitioner's concerns and views, is an untimely, insubstantial, and banal effort by the petitioner to transform the nature of the underlying action and then remove her own claims to federal court. Though now posturing as plaintiff in a civil rights action, the petitioner cannot remove an action she commences (or through obfuscation attempts to transform into one which in substance she has commenced) from state court to federal court.

(Id. at 97.)

On May 29, 2001, Judge Robertson, having reviewed the case file, granted all of the motions to dismiss based on his findings that (1) the action is barred by the statute of limitations, (2) the complaint fails to state a claim upon which relief can be granted, and (3) the judicial defendants were immune from suit.

On June 18, 2001, Johnston filed a timely notice of appeal. She then filed several documents with the United States Supreme Court. On August 8, 2001, the trial court clerk issued the notice of completion of the clerk's record. Johnston filed her Brief of Appellant on September 7, 2001 and in addition to the defendants and their counsel, served by U.S. mail various court personnel, MicroElectronics, the Secretary of the United States Navy, the Chief of Naval Operations and the Solicitor General of the United States.

## DISCUSSION AND DECISION

Johnston phrases her Statement of the Issues as follows:

In the absence of bona fide service of the Complaint and Summon [sic] upon several named defendants, and in the absence of the hearing and determination of complaintant [sic] Johnston's pre-existing, pre-discovery motions, and while subsequent to a federal removal of the lawsuit and prior to the lawful return of state court jurisdiction, whether a trial court Special Judge can enter an Order of Dismissal in behalf of all defendants.

(Br. of Appellant at 1.) Her Summary of the Argument states "[t]he Special Judge has violated his judicial duty to due process of law, purportedly entering his Orders in the absence of all jurisdiction and after jurisdiction vested with the U.S. District Court." *Id.* at 3.

Initially, we note that when Johnston chose to file her complaint in the Monroe Circuit Court, she submitted to the jurisdiction of that court. *See, e.g., State ex rel. Gregory v. Superior Court of Marion County, Room No. 1,* 242 Ind. 42, 60, 176 N.E.2d 126, 131 (1961) ("if the jurisdiction of a court possessing jurisdiction of the subject matter is invoked in a controversy by a party who submits himself to its authority by entering a general appearance and filing pleadings on the merits, such party may not thereafter if dissatisfied with the outcome of the litigation then for the first time question the jurisdiction of the court to which he voluntarily submitted and thereupon properly filed the case in another court of co-ordinate jurisdiction"). Furthermore, there are three reasons why Johnston's "removal" motion filed on December 4, 2000, did not divest the Monroe Circuit Court of jurisdiction.

First, the opportunity to remove a state court action to federal court is limited to defendants. 28 U.S.C. § 1446; *American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1260

(9th Cir.1988) ("The right to remove a state court case to federal court is clearly limited to defendants"). Johnston is not a defendant in the present case; thus, she is not entitled to utilize the removal procedure.

Second, her removal motion is captioned as a "Motion for Removal Re–Activation & Expansion . . ." (App. of Appellee, Randy Williamson at 34.) The case in which she was attempting to "re-activate" the removal apparently arose out of a charge brought against Johnston pursuant to Ind. Code § 9–18–2–29 for not having a registration plate on her car. We decline to hold that a motion requesting the re-activation of a removal filed in a criminal case may be considered a motion to remove to federal court an independent civil case such as the one before us.

In arguing that the Monroe Circuit Court was divested of jurisdiction, Johnston relies on 28 U.S.C. 1447(c). This statute provides:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Johnston is mistaken. A removal action must be properly filed before this statute applies, as it applies only after *jurisdiction has vested* in the federal court during an action for removal. Johnston's motion never resulted in the vesting of the federal court's jurisdiction.

Third, the case before us was not dismissed until May 29, 2001—well after the federal court's dismissal of Johnston's motion. Johnston's arguments that the Monroe Circuit Court did not have proper notification of the federal court's order are not well taken, as the record reflects notice was sent to the court from which came the case for which Johnston attempted re-activation of the removal. The federal court order states: "Based on the foregoing, therefore, the petitioner's motion for removal reactivation filed on December 4, 2000, is **denied.** However, to address at least one of her concerns, a certified copy of the Order of January 6, 1998, and a certified copy of this Entry shall be sent to the clerk of the Monroe County Court." (App. of Appellee, Randy Williamson at 98.) (Emphasis in original.)

The trial court had jurisdiction, and properly dismissed Johnston's case.

Affirmed.

BAKER, J., and NAJAM, J., concur.