HUGHES v. BOWEN.

No. 31186. Nov. 16, 1943.

*143 P. 2d 139.*

Foy Edwards, of Tecumseh, for plaintiff in error.

E. D. Reasor, of Shawnee, for defendant in error.

GIBSON, V.C.J. This is a proceeding instituted in a divorce action by a third party to modify that portion of the divorce decree pertaining to the custody and support of the minor children of the parties to the action. Judgment was for the movant, and respondent appeals.

The record shows the principal facts leading up to the judgment on review to be that on July 1, 1937, Lola Mae Hughes obtained from the respondent herein a decree of divorce wherein she was awarded the custody of their two minor children, with support money of $3,600 for said children to be paid at the rate of $20 per month.

On July 19, 1941, Lola Mae Hughes died without having received any payments from respondent. At the time of the mother's death the children were living with the movant herein, who is their maternal grandmother.

Thereafter the grandmother filed her motion in the original action setting out certain reasons why the respondent was not a suitable person to care for the children, and alleging that none of the monthly payments aforesaid had been made as required by the divorce decree. Movant asked that said decree be modified and extended to place in her the care and custody of said children during their infancy, and to require respondent to make said monthly payments to her for the support of the children.

The response met the allegations concerning the father's unfitness to care for the children, and contained a cross-demand that the children be given into his care and custody.

At the close of movant's evidence the respondent demurred, and moved for judgment on his cross-motion. The motion was denied.

At the close of all the evidence the court sustained the grandmother's motion for judgment, and entered a decree awarding the children to her, but denying her prayer that the support money be paid to her for the children.

The respondent appeals, assigning a number of errors.

However, the trial court, on its own motion, should have dismissed the proceedings for want of jurisdiction of the cause.

Though the trial court in a divorce action has continuing jurisdiction over the custody and support of minor children even after final judgment in the action (12 O. S. 1941 § 1277), when a party to the action dies the court's jurisdiction for all purposes ceases so far as the custody and control of the children are concerned. In 17 Am. Jur. 525, it is said that upon the death of one of the parties divorced by the judicial decree, the divorce proceeding falls so far as concerns any further right to the custody of the children.

Upon the death of the parent into whose custody the children are placed by the decree of divorce, the children stand, with relation to the surviving parent and all the world, as if no decree of divorce had been entered. In such case the right to custody of the children inures automatically to the surviving parent. 74 A.L.R. 1353, anno. It is there said by the annotator:

"The prevailing rule clearly is, that, upon the death of the parent who has held custody under a divorce decree, the right to custody automatically inures to the surviving parent."

In event custody is withheld from the surviving parent, his or her remedy is habeas corpus, unless custody is withheld pursuant to order of the county

court in guardianship proceedings, or by order of said court issued under the adoption or juvenile statutes (10 O. S. 1941 §§ 41-46, 101-114). See Ex parte Frear, 190 Okla. 16, 119 P. 2d 854.

With respect to the custody of these children, the grandmother's efforts in their behalf were limited to the proceedings aforesaid in county court.

The judgment is reversed and the cause remanded, with directions to dismiss the proceeding.

RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. CORN, C. J., and OSBORN and ARNOLD, JJ., absent.