**John MARSHALL, Appellant,**

v.

**Barbara MARSHALL, Appellee.**

No. 48282.

Supreme Court of Oklahoma.

Oct. 5, 1976.

Charles D. Crandall, Oklahoma City, for appellee.

Henry C. Starke, Oklahoma City, for appellant.

DOOLIN, Justice.

This case involves a motion to modify a divorce decree in which the father is seek-

ing custody of his four year old daughter. The trial court awarded the child to third parties. The father appeals.

John and Barbara Marshall were married sometime prior to June 1970. The child Julia was born to them in June of 1970. In October of 1971, the couple was divorced with custody of Julia given to the father (John). In August of 1972 custody was changed to the mother (Barbara). However, Julia was returned to John in June 1973 by mutual consent of both the parties. In March of 1974 John married his present wife.

In June 1974 Barbara took Julia to Texas to visit her half brother and his wife (Pyatts). While Julia was there, the Pyatts filed an action in the Texas court seeking to terminate John's parental rights and appoint themselves as temporary conservators. At this time Barbara signed an affidavit relinquishing her parental rights which she subsequently revoked. The Texas court found John to be a fit and proper person to be managing conservator. It further enjoined the Pyatts from interfering with the custody of Julia. Pursuant to this order Julia was returned to John in Oklahoma.

In the meantime John filed this motion to modify the divorce decree in the district court of Oklahoma County, seeking custody of Julia.

At trial John presented many witnesses who testified to his character and fitness and to the fitness of his present wife, Virginia, to provide for Julia. The Pyatts were also called as witnesses both by John and by Barbara. A DISRS home evaluation report was favorable to John and recommended that Julia be placed in his custody. There was no adverse testimony presented to prove John unfit. Barbara does not want actual custody of Julia. Her testimony indicates she felt John was perhaps lax in disciplining Julia. Her only other criticism was that occasionally Julia's

clothes were too small and that John sometimes kept her out too late.

The Pyatts, although not parties to the proceeding, testified they were willing and able to provide a home for Julia. There was no effort to declare Julia dependent and neglected.

The trial court while specifically finding that John was not unfit, awarded custody to the Pyatts with visiting rights in both parties. The reasons given for this somewhat unorthodox custody award were as follows: (1) "Track record not very good one"—he has been married five times; (2) He has previously been treated for emotional problems; and (3) He has only been married to Virginia for a short time. In addition it found the environment at the Pyatts to be a good one, while further stating "that is not to say Mr. Marshall's (John's) environment is not a good one at present."

Julia has been with John approximately three years out of her 4½. John has been in his present employment for 16 years. There was testimony that Julia said she wanted to remain with her father. If custody is given to Barbara she admits she would leave her with the Pyatts because she cannot provide for her.

■ In a divorce case the district court may award custody to a third person if *both parents are found to be unfit.*[1] But a parent who is able to care for his child and desires to do so and who is not found to be unfit is entitled to custody as against others who have no permanent or legal right to custody.[2]

■ This court has said many times that to deprive a parent of custody of his child in favor of a third person, the parent must be affirmatively, not comparatively, shown to be unfit. The mere fact that a child might be better cared for by a third person is not sufficient to justify taking a child from its parent.[3] It is insufficient to show that the parent has some faults of

1. *Cox v. Lohah,* 434 P.2d 928 (Okl.1967).

2. *Christlieb v. Christlieb,* 179 Kan. 408, 295 P.2d 658 (1956).

3. *Scroggin v. Griffin,* 185 Okl. 456, 94 P.2d 244 (1939) ; *In re Guardianship of Hight,* 194 Okl. 214, 148 P.2d 475 (1944) ; *In re Rogers,* 492 P.2d 324 (Okl.1971).

character or bad habits.[4]   Third persons in order to deprive a parent of custody of his child must show inability on part of parent to provide for the child's ordinary comfort or intellectual and moral development. Evidence of unfitness must be clear and conclusive and the necessity for depriving parent of custody must be shown to be imperative.[5]

If custody were given to Barbara she would relinquish it in favor of the Pyatts.  One parent may not give away or exclusively intrust the custody of a minor child to another against the wishes or without the consent of the other parent.[6]

Here there was no evidence of any of the factors necessary to deprive John of custody and Barbara does not want the care of the child.  Therefore John the father is entitled to custody of Julia.

REVERSED AND REMANDED with directions to grant John's motion to modify the divorce decree and award custody of Julia to him.

ALL THE JUSTICES CONCUR.

4. *Sherrick v. Butler*, 175 Okl. 538, 53 P.2d 1097 (1936).

5. *Marcum v. Marcum*, 265 P.2d 723 (Okl. 1954).

6. *Zink v. Milner*, 39 Okl. 347, 135 P. 1 (1913).