Gerald David INGLES, Appellant,

v.

Elizabeth HODGES and Lloyd
Hodges, Appellees.

No. 48914.

Supreme Court of Oklahoma.

Feb. 1, 1977.

Rehearing Denied April 26, 1977.

Wilson, Henderson & Filbeck by Lester D. Henderson, Sapulpa, for appellant.

Blackstock, McMillan & Vassar by Harry M. McMillan, Bristow, for appellees.

DOOLIN, Justice.

Upon the death of the parent into whose custody children are placed by a decree of divorce, the children stand, with relation to the surviving parent and all the world, as if no decree of divorce had been entered.[1] In the face of this Oklahoma rule of law, may third parties with whom children are temporarily residing since the death of their mother, effectively resist habeas corpus proceedings instituted by the children's father absent a showing of unfitness on his part? We hold they may not.

Gerald David Ingles (Father) and Cynthia Ann Ingles (Mother) were divorced in 1961. Custody of the two minor children was granted to Mother who took them from the state. Mother remarried and legally changed the names of the children to that of her second husband, although he did not adopt them. Her second husband died and she again remarried, moving with the children to Missouri where she resided at the time of her death in March of 1975. Upon the death of their mother the two children moved into the home of their maternal grandparents, appellees here (Hodges).

In August of 1975, Father filed a motion to modify the 1961 divorce decree to grant him custody. Trial Court sustained the motion and ordered the children delivered to him. Upon receipt of this order by the

1. *Hughes v. Bowen,* 193 Okl. 269, 143 P.2d 139 (1943); *In re Rogers,* 492 P.2d 324 (Okl. 1972).

Hodges, they filed a motion to vacate the order because no notice or show cause order had been served upon them. The trial court vacated the previous order and reset the hearing on Father's motion to modify. Hodges entered a plea to jurisdiction and a motion to dismiss. Father then filed a petition for a Writ of Habeas Corpus to command the Hodges to produce the two children.

Father's motion to modify and his petition for Writ of Habeas Corpus were heard together. At the close of the hearing, the trial court sustained Hodges denial of jurisdiction and motion to dismiss, discharged the Writ of Habeas Corpus and vested custody of the two children in the Hodges. Father appeals.

*Hughes v. Bowen*, 193 Okl. 269, 143 P.2d 139 (1943) holds although a trial court under a divorce decree has continuing jurisdiction over the custody and support of minor children, when a party to the divorce action dies the court's jurisdiction ceases so far as custody and control of the children are concerned. Consequently, it was unnecessary for Father to seek modification of the divorce decree upon his ex-wife's death, because legal custody had already inured to him. *Hughes* further states that habeas corpus is the proper remedy for the father in a situation such as this unless custody has been withheld pursuant to an order of guardianship or adoption. Because at the moment of Mother's death, legal custody vested in Father and trial court lost jurisdiction under the divorce decree, all the proceedings aimed at modification of the decree are a nullity. Thus we will consider only whether the trial court's decision in Father's action on the Writ of Habeas Corpus was clearly against the weight of the evidence.[2]

Evidence at the hearing indicated in the past few years the older child had established a relationship with her father through correspondence and several visits. She admitted loving him very much. Both she and her younger sister stated they would prefer to live with the Hodges if given the choice. However the older girl testified there had been some pressure put on her to make this choice.

Father had remarried and had other children. Apparently his present family would have no problems in accepting the girls or in providing a stable and loving atmosphere. There was no evidence whatsoever of any unfitness on the part of Father. In fact the Hodges admitted they knew nothing about him.

Hodges are correct that generally in a guardianship proceeding a child has a right to nominate his own guardian.[3] But this is not a guardianship proceeding but rather an action for actual custody by a Writ of Habeas Corpus by a father who has not been divested of legal custody of his children and as such is their legal guardian.

■■■ We further agree that in a habeas corpus proceeding involving only custody of a child, the legal right of a parent is subordinate and the best interests of the children is the question of foremost consideration.[4] However to deprive a parent of the custody of his children in favor of a third person, the parent must be affirmatively, not comparatively shown to be unfit.[5] The mere fact children state a preference for their grandparents, who could well care for them, is not sufficient to justify taking them from their father.[6] It is error in any action to grant custody to grandparents over the protest of the natural father, where evidence does not clearly establish the unfitness of

2. *Gibson v. Dorris*, 386 P.2d 186 (Okl. 1963).

3. *Coker v. Moore*, 121 Okl. 219, 249 P. 694 (1926); *In re Guardianship of Baptiste Minors*, 114 Okl. 116, 243 P. 938 (1925).

4. *Application of Caldwell*, 525 P.2d 641 (Okl. 1974).

5. *Marshall v. Marshall*, 555 P.2d 598 (Okl. 1976).

6. Also see *Roberts v. Biggs*, 272 P.2d 438 (Okl. 1953); *Marcum v. Marcum*, 265 P.2d 723 (Okl. 1954); *Alford v. Thomas*, 316 P.2d 188 (Okl. 1957).

the father to have custody of his children at the time of the hearing.[7]

REVERSED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, C. J., concurs in result.

---

7. *McVey v. Chester*, 288 P.2d 740 (Okl. 1955).