Gerald W. HARALSON, Appellant,

v.

Lisa Le Ann HARALSON, Appellee.

No. 51914.

Supreme Court of Oklahoma.

May 22, 1979.

Lucas & Cate by C. Bruce Jones, Norman, for appellant.

Francis M. Pickel, Jr., Norman, for appellee.

HODGES, Justice.

This case involves a motion to modify a divorce decree. The father, Gerald W. Haralson, is seeking custody of his two children. The trial court refused to modify the decree of divorce which had awarded custody of the children to the mother, Lisa Le Ann Haralson.

The parties were divorced on January 29, 1974. By the terms of the decree, custody of the minor children was vested in the mother, subject to the father's right to reasonable visitation. The father was ordered to pay the sum of $75.00 per month per child for support. On June 10, 1977, the father filed a motion to modify the divorce decree, requesting that custody be given to him with reasonable visitation to the mother. He also requested cancellation of his child support obligation.

The trial court ordered in-home study reports of the mother, the father, and the maternal grandparents. Two hearings were held. Following the second hearing, the court overruled the father's motion to modify; reduced the child support payable by the father to $75.00 per month for both children; ordered the mother to pay $75.00 per month; and enlarged the visitation rights of the father. The trial court refused to rule on whether the father was unfit to have the custody of the children.

It was stipulated by the parties at the beginning of the hearing, that at all times since the decree of divorce the children had been in the care of the maternal grandparents. The evidence was undisputed that the mother had not assumed the actual custody of the children following the decree

of divorce and prior to the father's motion to modify. The evidence at the initial hearing also reflected that the mother had no intention of assuming the custody at any time in the near future. She testified that she did not feel that she was able to care for the children on a full time basis. The maternal grandparents testified to the same fact, and the DISRS home-study report confirmed this finding.

The issue presented is whether the father is entitled to physical custody of his children instead of the maternal grandparents. The father asserts that he has a statutory preferential right to the custody of his children over the grandparents unless he is shown to be unfit as a parent.[1]

The trial court evidently based its decision on what it felt to be the best interest of the child. However, it expressly refused to rule that the father was unfit.

 This Court has repeatedly held that to deprive a parent of the custody of his children in favor of a third person, the parent must be affirmatively, not comparatively, shown to be unfit. The mere fact that a child might be better cared for by a third person is not sufficient to justify taking a child from its parent.[2] In order for third persons to deprive a parent of custody of his children, some inability on the part of the parent to provide for the child's ordinary comfort, intellectual or moral development must be shown. Evidence of unfitness must be clear and conclusive and the necessity for depriving the parent of custody must be shown to be imperative.[3] In a divorce case, the district court may award custody to a third person if both parents are found to be unfit. If a parent is not found to be unfit, is able to care for his children and desires to do so, he is entitled to custody as against others who have no permanent or legal right to custody.[4]

 The evidence is clear that to leave the custody with the mother is to leave the custody with her parents. In the absence of a showing of unfitness of the father, under the provisions of the statute, the father has the absolute right to his children.

Certiorari granted; Opinion of the Court of Appeals vacated; Reversed and Remanded with directions to grant the father's motion to modify the divorce decree and award custody of the children to him.

IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

LAVENDER, C. J., and DOOLIN, J., dissent.

1. It is provided by 30 O.S.1971 § 12:

Of two persons equally entitled to the custody in other respects, preference is to be given as follows:
  1. To a parent.
  2. To one who was indicated by the wishes of a deceased parent.
  3. To one who already stands in the position of a trustee of a fund to be applied to the child's support.
  4. To a relative.

2. *Marshall v. Marshall*, 555 P.2d 598, 599 (Okl. 1976).

3. *Marcum v. Marcum*, 265 P.2d 723 (Okl.1954).

4. *Cox v. Lohah*, 434 P.2d 928 (Okl.1967); *Christlieb v. Christlieb*, 179 Kans. 408, 295 P.2d 658 (1956).