BETTY JANE BRIGHT LEACH

*v.*

JOHN RANDALL BRIGHT

(No. 14839)

Decided October 7, 1980.

*Kingery & Nibert and Don C. Kingery* for appellant.

*Charles H. Damron* for appellee.

PER CURIAM:

In this appeal from a final judgment of the Circuit Court of Mason County, the appellant, Betty Jane Bright Leach, challenges the court's failure to modify a child custody decree which awarded custody of the parties' infant child to John Randall Bright, the appellee.

When the parties to this proceeding were divorced in 1974, the Circuit Court of Mason County awarded custody of their infant child, then two years old, to the appellee. In September 1977, the appellant petitioned the circuit court to modify the custody decree and award her permanent custody of the child.

In January 1979, a hearing was held on that petition. The transcript of that hearing reveals the parties stipulated that at all pertinent times the child had been in the actual physical custody of the paternal grandparents who, it was also stipulated, were fit to raise the child. The transcript also discloses the appellant has remarried, and that both she and her husband are employed at 8:00 a.m. to 5:00 p.m. jobs. Testimony by the appellee indicates that he works shift work and sees the child three or four nights a month. The grandmother testified the child had, on several occasions, expressed a desire to live with her mother. There is no evidence the appellant is in any way unfit to have custody.

Upon these facts, appellant contends the case is actually a custody proceeding between a natural parent, the appellant, and third parties, the paternal grandparents. Therefore, the appellant asserts, the court erred by treating the matter as a proceeding involving a change of custody between two natural parents, and applying the standard of law set forth in Syllabus Point 5 of *Holstein v. Holstein*, 152 W.Va. 119, 160 S.E.2d 177 (1968), which requires a parent seeking a change of custody to show that the change would result in a material benefit to the child. We agree with the appellant's view.

The law in this jurisdiction has long been that the fit natural parent's right to custody of his or her child is paramount to that of any third party, including a grandparent. *Hammack v. Wise*, 158 W.Va. 343, 211 S.E.2d 118 (1975). As we said there:

> A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment, or other dereliction of duty, or has waived such right, or by agreement or otherwise has permanently transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her child will be recognized and enforced by the courts. Syl. pt. 2, *Hammack v. Wise*, 158 W.Va. 343, 211 S.E.2d 118 (1975); Syllabus, *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 168 S.E.2d 798 (1969); Syllabus, *Whiteman v. Robinson*, 145 W.Va. 685, 116 S.E.2d 691 (1960).

The foregoing law controls the disposition of this matter, and is in accord with decisions in other jurisdictions based on similar factual situations:

> Custody may not be given to grandparents over the resistance of a fit parent; an award of nominal custody to a fit parent violates the rule if it has the practical effect of placing care and control in the grandparents, denying it to the other fit parent. *Moffitt v. Moffitt*, 242 Cal. App.2d 580, 51 Cal.Rptr. 683 (1966).

*Accord, Haralson v. Haralson,* 595 P.2d 443 (Okla. 1979); *Annot.,* 31 A.L.R.3d 1187 (1970).

It is also not without significance that in this case the child has expressed a preference to live with her mother, and while such an expression does not control the disposition of the case it is entitled to consideration and some weight. *Kiger, supra; Holstein, supra.*

Since the record of this case contains no evidence which in any way casts doubt upon the fitness of the appellant as a parent, the standard of law the trial court should have applied is that set forth in *Kiger.* Applying this standard to the facts of this case requires that permanent custody of the child be awarded to the appellant.

Therefore, because the Circuit Court of Mason County applied an incorrect standard of law to the proceedings below we reverse the final judgment:

> The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal. Syl. pt. 2, *Funkhouser v. Funkhouser,* 158 W.Va. 964, 216 S.E.2d 570 (1975).

For the foregoing reason the final judgment of the Circuit Court of Mason County is reversed, and the case is remanded with directions that the trial court enter an order awarding permanent custody of the infant child, John Michael Bright, to the appellant, together with such other relief regarding visitation rights and child support as the court may deem appropriate.

*Reversed and remanded
with directions.*