303 S.E.2d 253

**Joy Lee FORD (Talerico)**

v.

**John Michael FORD, et al., Raymond D. Swiger, et al.**

No. 15628.

Supreme Court of Appeals of West Virginia.

March 14, 1983.
Rehearing Denied June 21, 1983.

McNeer, Highland & McMunn and John Lewis Marks, Jr., Clarksburg, for appellants.

Daniel L. McCarthy, Clarksburg, for appellee.

PER CURIAM:

The appellants, Raymond and Georgia Ann Swiger, appeal from an order of the Circuit Court of Harrison County which gave the custody of their infant granddaughter, Michelle Ford, to the appellee, Joy Lee Ford Talerico, the natural mother. For the reasons set forth below, we affirm the circuit court.

When the appellee and John Michael Ford were divorced in September of 1976, the court awarded custody of three year old Jamie Ford to the appellee. The divorce decree made no mention of Michelle Ford, who was eight months old at the time. At the time of Michelle's birth, the appellee and the two children were residing with the appellants who are the appellee's father and step-mother. The three continued to reside there until February of 1977 when the appellee left the children with their grandparents and took up residence with her paramour, Michael Talerico. The appellee and Mr. Talerico were subsequently married in March of 1978.

The children continued to reside with the appellants until August of 1978 when the circuit court, upon a petition for change of custody filed by John Michael Ford and a counter-petition filed by the appellee, awarded custody of Jamie Ford to the appellee. In the same order the court awarded custody of Michelle to the appellants subject to broad and liberal visitation rights in the natural mother and father. In January of 1980, the appellee petitioned the circuit court to modify its previous order and award her permanent custody of Michelle. By order entered May 15, 1980, the court denied the petition for change of custody but expanded the appellee's visitation rights.

In 1981 the appellee again petitioned the circuit court to modify the custody order. In August of 1981, a hearing was held on that petition. The transcript of that hearing reveals that Michelle Ford had been in the actual physical custody of the appellants since her birth in December, 1975. The parties concede that there was no agreement, oral or written, as to whether the child's residence with the appellants was to be permanent or temporary. The appellee testified that her parents told her to "adjust herself" to Mr. Talerico before taking the children. The appellants testified that this conversation never took place and that they had no idea how long Michelle and Jamie were going to be living with them when the appellee left.

Mrs. Swiger testified that the appellee took no interest in Michelle for the first two years and seven months of her life until she petitioned for the custody change. The appellants introduced evidence from expert witnesses that a change in custody would not be in Michelle's best interests. There was no evidence that either the

grandparents or the appellee were unfit to care for Michelle. On March 30, 1982, the trial court awarded custody of Michelle to her natural mother, the appellee. The grandparents appeal that ruling.

■ The law in this State is that "the fit natural parent's right to custody of his or her child is paramount to that of any third party, including a grandparent." *Leach v. Bright*, 165 W.Va. 636, 270 S.E.2d 793, 794 (1980). As we stated in syllabus point 2 of *Hammack v. Wise*, 158 W.Va. 343, 211 S.E.2d 118 (1975):

> " 'A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment, or other dereliction of duty, or has waived such right, or by agreement or otherwise has permanently transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts.' Syllabus, *State ex rel. Kiger v. Hancock*, 153 W.Va. 404 [168 S.E.2d 798] (1969)."

■ Our decision is based on this well-established principle of law. In this case the record contains no evidence that the appellee intended permanently to abandon or relinquish her rights to Michelle when she left the appellants' home to live with Michael Talerico. There was no agreement between the parties, either oral or written, that Michelle would be remaining with her grandparents permanently.

Nor is there evidence in the record that the appellee is an unfit parent. The appellants made no such allegation during this entire proceeding. To the contrary, there was evidence that since the time the appellee left Michelle with the appellants, she had matured into a responsible and caring mother.

The appellants argue that the best interests and welfare of the child is the "polar star" by which the discretion of the court should be guided in custody matters and that since there was evidence that Michelle's best interests would not be fur-

thered by a transfer in custody to her mother, the court abused its discretion.

In *Hammack v. Wise, supra*, we acknowledged our adherence to the "polar star" concept, but stated that the concept will not be invoked to deprive an unoffending parent of his or her natural right to the custody of a child.

It is also not without significance in this case that in 1980 the circuit court indicated that custody of Michelle would eventually be returned to her mother at the proper time.

Since the record in this case contains no clear and convincing proof of unfitness on the part of the appellee, we conclude that the court did not abuse its discretion in awarding custody of Michelle Ford to the appellee with broad and liberal visitation rights to the appellants.

Accordingly, the judgment of the circuit court of Harrison County is affirmed.

Affirmed.