304 S.E.2d 866

**Glenda Faye CYPHERS**

v.

**James Hubert CYPHERS, et al.**

**No. 15650.**

Supreme Court of Appeals of
West Virginia.

July 5, 1983.

Katz, Kantor, Katz, Perkins & Cameron and Norris Kantor, Bluefield, for appellant.

Johnston, Holroyd & Gibson and Robert E. Holroyd, Princeton, for appellees.

PER CURIAM:

Glenda Faye Cyphers appeals from a July 9, 1981 order of the Circuit Court of Mercer County denying appellant's petition for a writ of *habeas corpus ad subjiciendum* to secure custody of her child, Jenny Lynn Cyphers from appellees, James Hubert Cyphers and Edith Cyphers, the child's paternal grandparents. In its final order the circuit court announced that it was creating a "new standard or creating an exception" to the established law of child custody in West Virginia, and, by virtue of the exception, was awarding custody to the child's grandparents. Because we agree with appellant that the rule announced in *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 168 S.E.2d 798 (1969), dictates that she be awarded custody of her child, we reverse and remand.

Appellant married Ronald Malcolm Cyphers, known as Mac Cyphers, in 1968. On October 30, 1970, Jenny Lynn Cyphers, the subject of appellant's petition, was born. In September of 1975 the Cyphers' second child, Jeremy, was born. The appellant was divorced from Mac Cyphers in July of 1977. Pursuant to an agreement between the parents, Mac Cyphers received custody of Jenny Lynn and appellant received custody of Jeremy. On October 25, 1980, Mac Cyphers died. Appellant, through her petition for a writ of *habeas corpus ad subjiciendum,* sought custody of Jenny Lynn, who was then living with her grandparents, the appellees.

Two lengthy hearings were held in this matter by the circuit judge and extensive

testimony was taken at each hearing. Psychological evaluations and welfare department investigations were conducted and were introduced into evidence. The circuit court was in an excellent position to determine the facts of this case. After reviewing the evidence and entertaining extensive argument by counsel, the trial court concluded that appellant was a fit parent who had not abandoned her child, Jenny Lynn. This finding of fact is consistently maintained by the trial judge in his orders and in his statements from the bench. It is amply supported in the record.

Initially, by his April 28, 1981 order, the trial judge held that, as a fit natural parent, appellant was awarded permanent custody, though the actual transfer of custody would be deferred until the end of the 1981 school year, in the interest of maintaining as much as possible the continuity of the child's schooling. Appellees filed a motion to reconsider which was the subject of a second hearing, held on June 11, 1981. The trial judge, in his July 8, 1981 order, reaffirmed his finding that appellant was Jenny Lynn's fit natural mother, but held that he was carving out an exception in this case to the rule that a fit natural parent has the right to custody of his or her child as against a third party.

The principle of law which controls this case was announced in the syllabus of *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 168 S.E.2d 798 (1969):

> "A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment, or other dereliction of duty, or has waived such right, or by agreement or otherwise has permanently transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant will be recognized and enforced by the courts."

This principle has become axiomatic in West Virginia domestic relations law. Indeed, in a case indistinguishable on its facts from the case *sub judice*, this Court applied this principle of law and held that it required the transfer of custody from grandparents to a fit parent. *Leach v. Bright*, 165 W.Va. 636, 270 S.E.2d 793 (1980). *See also Ford (Talerico) v. Ford*, 172 W.Va. 25, 303 S.E.2d 253 (1983) (affirming trial court's award of custody to a fit natural parent as against grandparents).

Accordingly, the final order of the Circuit Court of Mercer County is reversed and this case is remanded with directions that the court enter an order granting appellant's petition for a writ of *habeas corpus ad subjiciendum* and placing permanent custody of the child with appellant.

Reversed and remanded with directions.

HARSHBARGER, J., deeming himself disqualified did not participate in the consideration or decision of this case.