381 S.E.2d 273

**Christina M. MILLS, on Behalf of Premanjana GORRICK, Parasara Muni Gorrick and Raktaka Mills, Infants**

**v.**

**Dennis F. GORRICK, a/k/a Dharmatma Das.**

No. 18916.

Supreme Court of Appeals of West Virginia.

May 18, 1989.

---

Monty L. Preiser, George J. Joseph, Preiser Law Offices, Charleston, for C. Mills, Premanjana Gorrick, Parasara Muni Gorrick and Raktaka Mills, Infants.

James B. Lees, Jr., Hunt & Wilson, Charleston, for Dennis F. Gorrick a/k/a Dharmatma Das.

**PER CURIAM:**

This is an appeal by Christina M. Mills from a final order of the Circuit Court of Marshall County granting the custody of her three children to their natural father, Dennis F. Gorrick. Upon a review of the record, we find that the trial court did not abuse its discretion; hence, we affirm.

In the early 1970s, Christina Mills became a devotee of the International Society for Krishna Consciousness, an international religious community related to Hinduism. Ms. Mills was an active member of the society for twelve years, and lived at various Krishna communities in Colorado, California, Pennsylvania, and finally at the New Vrindaban community in Marshall County, West Virginia.

Several years ago, Ms. Mills and appellee Dennis Gorrick married according to the tenets of the Krishna society, but not under the civil law of the State of West Virginia. During their relationship, Ms. Mills and Mr. Gorrick had the three children who are the subjects of this proceeding. The children are Premanjana, age nine, Parasara Muni, age five, and Raktaka, age four.

In January, 1986, Ms. Mills left the New Vrindaban community and moved to San Antonio, Texas. She left the children in the care and custody of Mr. Gorrick. Ms. Mills testified that she did not intend to leave the New Vrindaban community permanently, and that it was not until a month after her departure that she decided never to return. Soon after her arrival in Texas, Ms. Mills became involved with another man, with whom she began living in April, 1986.

Shortly after leaving New Vrindaban, Ms. Mills wrote this undated letter to Mr. Gorrick:

Dharmatma Prabha[1]

---

1. Dharmatma Prabha is Mr. Gorrick's Krishna name.

All the paper work for Rasa Designs [2] is in this truck. If you want the apartment & the warehouses keep up the payments. If not break the lease—*I will have changed my identity & disappeared by the time you get this note. Please take good care of our darling children. (I know you will) I know they are much better where they are—I will try to get visiting rights in the future. Please assure them that I love them. I'm sorry you're getting "screwed" again. But I cannot go on living like this any more.*

Pradhanagopika dasi

*Don't bother looking—you'll never find me.* Sheila has signed contract for manager—the store will be alright. None of us are indespensible [sic]—Krishna will arrange for someone for you—the kind of woman you need and want. I will never be able to be that woman.

*I love my children—Please never let them forget that—tell them I'll still out on SKP or something. I don't want them to be hurt by this. It is very painful for me, too as I am sure you know.*

Hare Krishna

(Emphasis added.) From January, 1986 until she initiated these proceedings on February 20, 1987, Ms. Mills did not see her children, called them infrequently, and gave no indication that she wanted their custody.

On March 3–4, 1987, a hearing was held before the Circuit Court of Marshall County to determine whether temporary custody of the children should be awarded to Ms. Mills pending a final hearing. The trial court denied the petition for temporary relief.[3] By order entered July 15, 1987, the matter was referred to a family law master for further proceedings pursuant to W.Va. Code § 48A–4–1 *et seq.* (1986).

After a two-day evidentiary hearing, including a view of the New Vrindaban community, the family law master issued a report of his findings and recommendations. The family law master found: (1) Ms. Mills had been the primary caretaker of the children from their birth until January, 1986; (2) from January, 1986, until the present neither parent had been the primary caretaker; (3) Ms. Mills' absence from her children from January, 1986, until filing this action did not constitute abandonment because Ms. Mills was battered and physically abused by Mr. Gorrick; (4) Mr. Gorrick was unfit to be the custodial parent; and (5) Ms. Mills was fit to be the custodial parent. Based on these findings, the family law master recommended that Ms. Mills be awarded custody.

On March 29, 1988, Mr. Gorrick petitioned for review in the Circuit Court of Marshall County. After a review of the record, the trial court refused to adopt the family law master's recommendations.[4] Instead, the trial court made the following findings of fact and conclusions of law: (1) from January, 1986, until the proceedings were initiated, Mr. Gorrick was the primary caretaker of the children; (2) Mr. Gorrick is a fit and proper person to have custody of the children; and (3) Ms. Mills abandoned her children when she left in January, 1986. Accordingly, the trial court awarded custody of the three children to Mr. Gorrick.

2. Rasa Designs is a jewelry store in San Antonio, Texas. Although not clear from the record, it appears that Ms. Mills and Mr. Gorrick jointly owned Rasa Designs.

3. The trial court made the following findings:
1. The respondent has been the sole and only physical custodian of the children for a period of more than one year and as such is the primary caretaker.
2. Evidence presented at this hearing is insufficient to show any immediate and imminent danger to the children.
3. Evidence presented at this hearing is insufficient to show that the petitioner should be awarded temporary custody of the children.

4. West Virginia Code § 48A–4–4(d) (1986) provides, in pertinent part:
All recommended decisions of the master shall include (1) a statement of findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law or discretion presented on the record....
The trial court found that aside from the family law master's finding as to abandonment, the master failed to set forth the reasons or basis for his recommended findings and conclusions.

■ *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), is our leading case on the law governing the initial custody determination for very young children. In syllabus point 2 of *Garska v. McCoy, supra,* we held:

> With reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit.[5]

When custody is being sought by both the mother and father, "... the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the court must award the child to the primary caretaker." Syllabus point 6, in part, *Garska v. McCoy, supra.*

■ This Court has enunciated the standard by which the fitness of a parent is to be judged in several decisions:

> A parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, *abandonment,* or other dereliction of duty, or has waived such right, or by agreement or otherwise has permanently transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts.

Syllabus point 1, *Leach v. Bright,* 165 W.Va. 636, 270 S.E.2d 793 (1980) (emphasis added); *Hatfield v. Hatfield,* 171 W.Va. 463, 300 S.E.2d 104 (1983); syllabus point 2, *Hammack v. Wise,* 158 W.Va. 343, 211 S.E.2d 118 (1975); syllabus, *State ex rel. Kiger v. Hancock,* 153 W.Va. 404, 168 S.E.2d 798 (1969); syllabus, *Whiteman v.*

*Robinson,* 145 W.Va. 685, 116 S.E.2d 691 (1960).

■ We have also recognized that the trial court's discretion in awarding custody must not be disturbed unless clearly wrong.

> The exercise of discretion by the trial court in awarding custody of a minor child will not be disturbed on appeal unless the discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon erroneous application of law and is clearly wrong, the ruling will be reversed on appeal.

Syllabus point 2, *Leach v. Bright, supra.*

■ There is no dispute that prior to January, 1986, Ms. Mills was the primary caretaker of the three children. The trial court found, however, that Ms. Mills abandoned her children, as evidenced by the letter she wrote to Mr. Gorrick. Because abandonment negates fitness, the trial court refused to award her custody.

Although Ms. Mills argues that she never intended to permanently relinquish the children, evidence in the record indicates otherwise. Ms. Mills asserts that she did not take the children with her to Texas because she lacked the financial resources to adequately take care of them; however, during the custody hearing Ms. Mills testified that she was part owner of Rasa Designs, received a salary from Rasa Designs, and that she purchased a vehicle for $14,000 shortly after she left New Vrindaban. Moreover, Ms. Mills admitted that her primary motivation to remain in Texas was her relationship with another man. Finally, despite her testimony to the contrary, Ms. Mills' letter to Mr. Gorrick clearly indicates that she intended to abandon her children and relinquish their custody to their natural father.[6]

---

**5.** In syllabus point 4 of *Garska v. McCoy,* we explained:

> In establishing which natural or adoptive parent is the primary caretaker, the trial court shall determine which parent has taken primary responsibility for the caring and nurturing duties of a parent.

**6.** Although Ms. Mills testified that she left New Vrindaban because Mr. Gorrick physically

abused her on several occasions, she detailed only one such instance. Ms. Mills claimed that she had once been abused by Mr. Gorrick to the point of requiring hospitalization; however, she failed to produce any medical records. On cross-examination, Ms. Mills could remember neither the name of the hospital nor the town where the hospital was located.

In light of the foregoing, we cannot say that the trial court abused its discretion in awarding custody of the children to Mr. Gorrick. Accordingly, the order of the Circuit Court of Marshall County is affirmed.[7]

Affirmed.

---

7. On December 22, 1988, Mr. Gorrick petitioned the circuit court for permission to remove the children from this jurisdiction to the State of Texas. Ms. Mills did not object to this request. On December 23, 1988, the circuit court entered an order granting Mr. Gorrick permission to relocate to Bulverde, Texas. If either party feels it is necessary to modify the custody decree in the future, the appropriate forum would be in a Texas court.