1998 OK CIV APP 178

In the Matter of the GUARDIANSHIP OF B.J.W. and B.D.W., minor children,

Randy W. Walker, Appellant/Cross–Appellee,

v.

Earl Arnall, Appellee/Cross–Appellant.

No. 91,205.

Court of Civil Appeals of Oklahoma.

Nov. 6, 1998.

■■■■■■■■■

Karl D. Jones, Joseph M. Gardner, Vinita, Oklahoma, for Appellant/Cross–Appellee.

Kathryn Ross, Miami, Oklahoma, for Appellee/Cross–Appellant.

**OPINION**

CARL B. JONES, Vice Chief Judge:

¶ 1 Both parties appeal from an order appointing the stepfather of the two minor children to be their "limited guardian" following the death of their mother. The same order gave the natural father "legal custody" and unlimited visitation with the children. This order is fatally flawed.

¶ 2 At the time of the hearing in November, 1997, the two children, both boys, were 17 and 15 years of age. The boys' natural parents divorced when the children were very young. Mother was given custody of the children and the father was ordered to pay child support. Mother remarried in 1985. She was married to Petitioner/Appellee, Earl Arnall, until the time of her death in October, 1997. The boys have continued to live with Earl, their stepfather, after their mothers' death. They reside in Miami, Oklahoma, and the boys attend school there.

¶ 3 The natural father, Randy W. Walker, also remarried in 1985. He lives in Welch, Oklahoma, approximately 14 miles west of Miami. Mr. Walker and his current wife have two children. Mr. Walker paid his court-ordered child support until the time of the Mother's death when he discontinued the payments upon the advice of counsel.

¶ 4 In November, 1997, three weeks after Mother's death, the stepfather, Earl Arnall, filed a petition seeking to be appointed the general guardian of the two boys. He alleged that a guardianship was necessary to provide for the boys best interest; that Mother, in her will had named Earl to be appointed guardian over the person and estate of each of her children; and, that the two boys had each executed documents nominating Earl to be appointed their guardian.

The natural Father, Randy W. Walker, filed a response objecting to the appointment of the stepfather as guardian. He requested that custody be awarded to him instead.

¶ 5 Following trial, the court's order appointed the stepfather, Earl Arnall, ". . . to serve as Limited Guardian . . . [of both children] . . . and is hereby granted the authority to provide for the physical residential placement, education, and emergency medical needs of said children while they are in his physical custody; the legal custody of said minors being placed with Randy W. Walker, with said father being granted unlimited visitation with said children. The natural father, Randy W. Walker, shall retain legal custody and all other rights not awarded to the guardian, including the right to receive and make distributions of the social security funds."

¶ 6 Appellant/Father on appeal contends the appointment of a guardian was in error because it was not shown to be necessary and was in violation of the statutory preference in 10 O.S. Supp.1997 § 21.1B given to the surviving non-custodial parent. In his counter-appeal the stepfather contends he was entitled to be appointed general guardian rather than limited guardian. He also argues that it was error to grant Appellant/Father "legal custody" while granting Appellee/stepfather physical custody by way of a limited guardianship. He finds additional error in the court's failure to order Father to pay child support and that the trial court improperly attempted to exercise jurisdiction over the distribution of federal social security benefits.

¶ 7 Appellee/stepfather argues the applicability of 30 O.S.1991 §§ 2–101, 2–102 and 2–103. In pertinent part, those statutes provide:

"A. The court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either, or both of them, of minors."

30 O.S.1991 § 2–101(A).

A. A guardian of the person or estate, or of both, of a child born, or likely to be

born, may be nominated by will or by other written instrument, to take effect upon the death of the parent so nominating:

    1. If the child is born in wedlock, by either parent or by both parents.

30 O.S.1991 § 2–102(A).

A. If the minor is under the age of fourteen (14) years, the court may name and appoint his guardian. If the minor has attained the age of fourteen (14) years, the minor may nominate his own guardian, who, if approved by the court, must be appointed accordingly.

B. The court, in appointing a guardian for a minor, is to be guided by Section 21.1 of Title 10 of the Oklahoma Statutes.

30 O.S.1991 § 2–103.

¶ 8 Appellant/Father argues that this matter is controlled by 10 O.S. Supp.1997 § 21.1 which states:

"A. Custody should be awarded or a guardian appointed in the following order of preference according to the best interests of the child to:

    1. A parent or to both parents jointly except as otherwise provided in subsection B of this section: ;

    2. A grandparent;

    3. A person who was indicated by the wishes of a deceased parent;

    4. A relative of either parent;

    5. The person in whose home the child has been living in a wholesome and stable environment, or;

    6. Any other person deemed by the court to be suitable and able to provide adequate and proper care and guidance for the child.

B. When a parent having physical custody and providing support to a child becomes deceased, in awarding custody or appointing as guardian of the child the noncustodial parent, the court may deny the custody or guardianship only if:

    1. The noncustodial parent has willfully failed, refused, or neglected to contribute to the support of the child for a period of at least twelve (12) months immediately preceding the determination of custody or guardianship action:
  . . .

    2. The noncustodial parent has abandoned the child; or,

    3. The court finds it would be detrimental to the health or safety of the child for the noncustodial parent to have custody or be appointed guardian.

C. The court may consider the preference of the child in awarding custody of the child if the child is of sufficient age to form an intelligent preference."

¶ 9 There is no doubt that Appellant is correct regarding the applicability of 10 O.S. § 21.1. It is specific and on point. This statute effectively codified earlier case law that when a parent dies who has custody of a child pursuant to a decree of divorce "the right of custody inures automatically to the surviving parent". *Turley v. Turley,* 1981 OK 161, 638 P.2d 469, 471; *Ingles v. Hodges,* 1977 OK 18, 562 P.2d 845, *Weber v. Linch,* 1978 OK CIV APP 14, 579 P.2d 21 3, 215. This rule is qualified by the statute in that it is not applicable if the noncustodial parent has failed to support the child for the previous twelve months, has abandoned the child, or where it would be detrimental to the health or safety of the child for that noncustodial parent to be given custody. Oklahoma case law has frequently held that this general rule may be overcome by a showing of "unfitness" on the part of the surviving, divorced, noncustodial parent and that such unfitness must be affirmatively, not comparatively, shown. *Turley, supra*; *Ingles, supra*; *Haralson v. Haralson,* 1979 OK 73, 595 P.2d 443, 445; *Weber, supra*. The Supreme Court in *McDonald v. Rigley,* 1994 OK 25, 870 P.2d 777 (quoting from *Haralson, supra*) held:

"This Court has repeatedly held that to deprive a parent of the custody of his children in favor of a third person, the parent must be affirmatively, not comparatively, shown to be unfit. The mere fact that a child may be better cared for by a third person is not sufficient to justify taking a child from its parent. In order for third persons to deprive a parent of custody of his children, some inability on the part of the parent to provide for the child's ordinary comfort, intellectual or

moral development must be shown. Evidence of unfitness must be clear and conclusive and the necessity for depriving the parent of custody must be shown to be imperative."

*Id.* at 779. Also citing *Haralson*, the Supreme Court in *Matter of Adoption of R.W.S.*, 1997 OK 148, 951 P.2d 83, emphasized that "... evidence of unfitness must be *clear and conclusive and the necessity for depriving the parent of custody must be shown to be imperative." Id.* at 89. (emphasis by Supreme Court). It should also be pointed out that the right of a parent to the companionship, care, custody and management of the parent's child is a fundamental right protected by the Constitutions of the United States and the State of Oklahoma. *McDonald, supra* at 781.

▮▮▮▮ ¶ 10 The awarding of the care and custody of a child rests within the sound discretion of the trial court. While it may examine the record and weigh the evidence, the appellate court will not disturb the findings and decision of the trial court unless they are found to be against the clear weight of the evidence. *Matter of the Adoption of R.W.S.*, supra. The record has been closely reviewed and there is, in fact, no evidence that the Father was unfit. There was no evidence that he had failed to provide support, no evidence of abandonment and no evidence that it would be detrimental to the health or safety of the child for the Father to have custody. In fact, it was not even alleged or argued that the Father was in any way unfit.

¶ 11 There was no necessity for a guardianship as petitioned for. Such guardianship by the stepfather may have been convenient in that it would have maintained the status quo for the children, but that in no way trumps the Father's statutory and constitutional (yet qualified) right to custody. Likewise, the clear expressions by the two children that they sought to stay with their stepfather were insufficient to overcome Father's right. With both being over the age of fourteen § 21.1 permitted the court to consider their preference. Without more, however, denying custody to the Father was contrary to law and against the clear weight of the evidence.

¶ 12 The trial court's order appointing Appellee/Stepfather to be limited guardian for the two children is reversed. Appellant/Father is entitled to custody of his minor children. This decision moots any other issues presented in this appeal but not addressed herein.

¶ 13 REVERSED.

JOPLIN, P.J., dissents; GARRETT, J., concurs.